20859-PJK

*NHN*

**FILED**

J.N

NOV 2 9 2007

NOV 29 2007

MICHAEL W. DOBBINS

CLERK, U.S. DISTRICT COURT

### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Jerold S. Solovy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07cv6721 |
| | ) | JUDGE KENDALL |
| FedEx Ground Package System, Inc. | ) | MAG. JUDGE ASHMAN |
| Federal Express Corporation, FedEx | ) | |
| Custom Critical, FedEx Kinko's Office | ) | |
| And Print Service, Inc., FedEx Corp., | ) | |
| And FedEx Corporate Services, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendants FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc., FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc., hereby file their joint Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L 012043. Removal is proper for the following reasons:

1.    On October 24, 2007, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L 012043.

FedEx's records indicate that it first received notice of this action on October 30, 2007, when it was served with a copy of the Complaint, and thirty days since such notice has not yet expired.

2.    At this point in time, none of the Federal Express Corporations have received enough information to determine exactly which company was involved with the shipment of the Plaintiff's package. However, accepting the facts as Plaintiff has alleged, the shipment was evidently handled by either FedEx Ground Package System, Inc. (FedEx Ground) or by Federal Express Corporation (FedEx Express).

3.    Removal to federal court is proper, regardless of which company handled the package.

4.    If FedEx Ground was involved with the shipment of this package, the United States District Courts have original jurisdiction by reason of federal question jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337 and 49 U.S.C. §14706. FedEx Ground is a motor carrier operating in interstate commerce.

5.    To be eligible for removal, 28 U.S.C. §1337 requires that the amount in controversy for each bill of lading exceed $10,000.00. In his complaint, Plaintiff seeks damages in excess of $10,000.00 for one shipment on one bill of lading.

6.    If FedEx Express was involved with the shipment of the package, the United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

7.    The claims asserted by the Plaintiff in his Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx Express. As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b).  Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction"); Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997); McCall-Thomas Eng'g Co. v. Federal Express Corp., 81 F.2d 28 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); see also: Diero v. American Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113 (3d Cir. 1984); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir. 1978).

8.    Attached hereto as Exhibit "A," is a true and correct copy of the pleadings and process filed in this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L012043.  A notice of filing of this Notice of Removal is being concurrently filed with the Circuit Court of Cook County, Illinois, County Department, Law Division.

**WHEREFORE**, Defendants, FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc.,

20859-PJK

FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate

Services, Inc., pray that this civil action be removed to this Court from the Circuit Court

of Cook County, Illinois, County Department, Law Division.


Dated:  This 29th day of November, 2007.


Respectfully Submitted:
O'Hagan Spencer LLC

By: _____
Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
55 W. Wacker Drive, Suite 1400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax

20859-PJK

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was

sent via U.S. Mail, postage prepaid, this 29th day of November, 2007 to:

> Robert A. Clifford
> Clifford Law Offices
> 120 North LaSalle Street
> 31st Floor
> Chicago, Illinois  60602
> Telephone: (312) 899-9090

_____

Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
55 W. Wacker Drive, Suite 1400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax

RECEIVED

OCT

LITIGATION
SUBPOENA GROUP

| | |
|---|---|
| 2120 – Served | 2121 – Served |
| 2220 – Not Served | 2221 – Not Served |
| 2320 – Served By Mail | 2321 – Served By Mail |
| 2420 – Served By Publication | 2421 – Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

**(7-90) CCG-I**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

JEROLD S. SOLOVY                    )
                                    )
       Plaintiff,              )
                                    )
   v.                              )    No.
                                    )
                                    )    ***PLEASE SERVE:***
FEDEX GROUND PACKAGE                )
SYSTEM INC., a Delaware Corporation )
FEDEX EXPRESS CORPORATION,          )    FEDERAL EXPRESS CORPORATION
 a Delaware Corporation             )    R/A.: CT CORPORATION SYSTEM
FEDEX CUSTOM CRITICAL, INC.,        )    208 South LaSalle
A Delaware Corporation              )    Suite 814
FEDEX KINKO'S OFFICE AND            )    Chicago, IL 60604
PRINT SERVICES, INC.,               )
a Delaware Corporation              )
FEDEX CORP.,                        )
a Delaware Corporation              )
FEDEX CORPORATE SERVICES,           )
INC, a Delaware Corporation         )
                                    )
       Defendant.            )

### SUMMONS

**To each defendant:**

    **YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,_____OCT 24 2007_____, 2007

_____
DOROTHY BROWN Clerk of Court

Name:        CLIFFORD LAW OFFICES, P.C.
Attorney for: Plaintiff
Address:     120 N. LaSalle St.
City:        Chicago, IL 60602
Telephone:   312/899-9090
Atty. No.:   32640

Date of service:_____, 2007
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
 Chancery-Divorce Division Room 802

County Division Room 801
Probate Division Room 1202

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS**     (7-90) CCG-I |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

| | |
|---|---|
| JEROLD S. SOLOVY | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| v. | )    No. |
| | ) |
| | )    **_PLEASE SERVE:_** |
| FEDEX GROUND PACKAGE | ) |
| SYSTEM INC., a Delaware Corporation | ) |
| FEDEX EXPRESS CORPORATION, | )    FEDERAL EXPRESS CORPORATION |
|   a Delaware Corporation | )    R/A.: CT CORPORATION SYSTEM |
| FEDEX CUSTOM CRITICAL, INC., | )    208 South LaSalle |
| A Delaware Corporation | )    Suite 814 |
| FEDEX KINKO'S OFFICE AND | )    Chicago, IL 60604 |
| PRINT SERVICES, INC., | ) |
| a Delaware Corporation | ) |
| FEDEX CORP., | ) |
| a Delaware Corporation | ) |
| FEDEX CORPORATE SERVICES, | ) |
| INC, a Delaware Corporation | ) |
| | ) |
|           Defendant. | ) |

## SUMMONS

**To each defendant:**

     **YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room \*801 Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,_____ OCT 2 4 2007 _____, 2007

_____
DOROTHY BROWN Clerk of Court

Name:            CLIFFORD LAW OFFICES, P.C.
Attorney for: Plaintiff
Address:        120 N. LaSalle St.
City:            Chicago, IL 60602
Telephone:   312/899-9090
Atty. No.:      32640

Date of service:_____, 2007
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

*Law Division Room 801
Chancery-Divorce Division Room 802

County Division Room 801
Probate Division Room 1202

STATE OF ILLINOIS      )
                           )

COUNTY OF C OO K     )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| JEROLD S. SOLOVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| | ) | *PLAINTIFF DEMANDS A JURY TRIAL* |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation | ) | |
| FEDEX CUSTOM CRITICAL, INC., | ) | |
| A Delaware Corporation | ) | |
| FEDEX KINKO'S OFFICE AND | ) | |
| PRINT SERVICES, INC., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORP., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT AT LAW

Plaintiff, JEROLD S. SOLOVY, by his attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of Defendants, FEDEX GROUND PACKAGE SYSTEMS INC., FEDEX EXPRESS,

FEDEX AIR PACKAGE SYSTEMS INC., FEDEX KINKO'S OFFICE AND PRINT SERVICES,

INC., FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, INC., (hereinafter

collectively referred to as "FEDEX") states as follows:

## GENERAL ALLEGATIONS

1.    At all times here relevant Plaintiff, JEROLD S. SOLOVY, was and is a resident of the City of Chicago, County of Cook and State of Illinois.

2.    Defendant, FEDEX, is a nationwide parcel delivery service that engages in the business of picking up and delivering packages in the City of Chicago, County of Cook and State of Illinois.

3.    On December 21, 2006, Plaintiff JEROLD S. SOLOVY bought a gold necklace from Sidney Garber Fine Jewelry, located at 118 East Delaware Place, Chicago, Illinois, 60611.

4.    On February 9, 2007, Plaintiff JEROLD S. SOLOVY was temporarily residing at his secondary residence located at 9912 Brassie Bend, Naples, Florida, 3408.

5.    On February 9, 2007, Plaintiff JEROLD S. SOLOVY placed the aforesaid necklace in an 8 x 10 FedEx box and filled out an air bill with a corresponding FedEx tracking number of 8448 4685 5804 or 8448 4685 5806 so that it could be shipped back to Sidney Garber Fine Jewelry in the City of Chicago, County of Cook and State of Illinois, and with the cost for shipment billed to the Plaintiff JEROLD S. SOLOVY.

6.    On February 9, 2007 Plaintiff JEROLD S. SOLOVY had two packages including the package containing the necklace, and the Polo store in Chicago contacted the Defendant FEDEX for the purposes of picking up and delivering the package to the City of Chicago, County of Cook and the State of Illinois.

7.    On February 9, 2007, Defendant FEDEX, through its agent, apparent agent, employee and representative, arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered

to the City of Chicago, County of Cook and State of Illinois, thereby creating a bailment agreement.

8.    On February 9, 2007, Plaintiff JEROLD S. SOLOVY reasonably relied on Defendant FEDEX, through its agents, apparent agents, employees and representatives to properly handle and deliver his package that contained his necklace.

9.    On February 9, 2007, the necklace was in good condition when the Plaintiff, per agreement, tendered it to Defendant, and Defendant voluntarily took possession of the package containing the Plaintiff's necklace.

10.    The Defendant delivered one of the Plaintiff's packages to its correct destination, the Polo store in Chicago; however, at no time has the Defendant returned or otherwise delivered the Plaintiff's FedEx package containing the necklace.

## COUNT I - BREACH OF BAILMENT AGREEMENT

11.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

12.    Defendant FEDEX had a duty to perform under the express agreement that was made between Plaintiff and Defendant, that Defendant accepted the Plaintiff's package and stated that she would cause the Plaintiff's package that contained the necklace to be delivered to the City of Chicago, County of Cook and State of Illinois.

13.    On or around February 9, 2007 Defendant FEDEX through its agents, apparent agents, employees and representatives breached its bailment agreement with Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and

3

representatives failed to deliver the Plaintiff's package;

b. Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to properly track Plaintiff's package;

c. Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to return Plaintiff's package;

d. Defendant through it's failure to exercise reasonable care and to adhere to the terms of the bailment agreement breached the bailment agreement;

e. Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to notify the Plaintiff that his package was lost, misplaced, and/or mis-delivered;

f. Defendant was otherwise in breach of its bailment agreement.

14.    As a direct and proximate result of one or more of the aforesaid breaches of the Defendant FEDEX, through its agents, apparent agents, employees and representatives, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II - CONVERSION

15.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

16.    From December 21, 2006 continuing through to the present, Plaintiff JEROLD S. SOLOVY, is the rightful owner by law of the necklace.

17.    On or after February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and representatives, intentionally exercised dominion and control over the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own

4

personal property, the property being the package containing the necklace

18.    On or after February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and representatives, had a duty to refrain from intentionally exercising dominion and control over the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own personal property, the property being the package containing the necklace.

19.    On or after February 9, 2007 Defendant breached it's bailment agreement with the Plaintiff and was therefore unauthorized and had wrongful assumption of control over the Plaintiff's package containing the necklace.

20.    On or after February 9, 2007, Defendant FEDEX, through its agents, apparent agents, employees and representatives, wrongfully and intentionally converted Plaintiff's personal property and refused and failed to return the property.

21.    On and after February 9, 2007, Plaintiff JEROLD S. SOLOVY was the rightful and legal owner of the necklace that was placed in the 8 x 10 FedEx box, and the Plaintiff JEROLD S. SOLOVY had and retains the absolute and unconditional right to immediate possession of the property.

22.    Since February 9, 2007 Plaintiff JEROLD S. SOLOVY, through one of his employees contacted FedEx and repeatedly inquired about the location of the package that he had given to Defendant FEDEX, and on numerous occasions demanded that his package containing the necklace be returned.

23.    As a direct and proximate result of one or more of the aforesaid intentional, willful, and wanton acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents,

employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary and punitive nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT III - FRAUDULENT MISREPRESENTATION

24.     Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

25.     On February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and representatives, concealed a material fact, to wit, that it was not going to deliver the Plaintiff's package, not withstanding its representation to the Plaintiff, JEROLD S. SOLOVY, that it would deliver his package that contained the necklace.

26.     On February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and representatives, concealed the material fact, to wit, that it was not going to deliver Plaintiff's package, and that it intended to induce the Plaintiff to falsely believe that his package was going to be delivered as was promised by the Defendant, FEDEX, through its agents, apparent agents, employees and representatives.

27.     On February 9, 2007, the Plaintiff, JEROLD S. SOLOVY, could not have discovered the truth through a reasonable inquiry that the Defendant was making misrepresentations to him, because in the course of ordinary business, it appeared that Defendant, FEDEX, through its agents, apparent agents, employees and representatives, was conducting business as usual, and as is publicly known.

6

28.    On February 9, 2007, if the Plaintiff, JEROLD S. SOLOVY, had been aware and had known that his package was not going to be delivered by the Defendant, he would have never tendered the package to the Defendant, FEDEX.

29.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives, misrepresented itself to the Plaintiff JEROLD S. SOLOVY, in that FEDEX never did deliver the Plaintiff's package containing the necklace, and JEROLD S. SOLOVY relied to his detriment on the Defendant FEDEX.

30.    As a direct and proximate result of one or more of the aforesaid misrepresentations, intentional, willful, and wanton conduct, and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives, that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary and punitive nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).


## COUNT IV - NEGLIGENT MISREPRESENTATION

31.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

32.    On February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and representatives, made a false statement of material fact, to wit, that it would deliver Plaintiff's package or cause Plaintiff's package to be delivered by communicating that fact to the Plaintiff, JEROLD S. SOLOVY.

7

33.     At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was careless or negligent in negligently misrepresenting itself to the Plaintiff JEROLD S. SOLOVY, in that FEDEX would cause the Plaintiff's package that  contained the necklace to be delivered.

34.     At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives had owed a duty to the Plaintiff to communicate accurate information to the Plaintiff when agreeing to deliver the Plaintiff's package that contained the necklace for delivery.

35.     At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives breached its duty to the Plaintiff, JEROLD S. SOLOVY when it failed to deliver the Plaintiff's package that contained the necklace or otherwise return th Plaintiff's property to him.

36.     As a direct and proximate result of one or more of the aforesaid negligent misrepresentations and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives, Plaintiff has been deprived of his personal property and has sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT V - NEGLIGENT HIRING

37.     Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

38.     At all times here relevant,  Defendant, FEDEX, hired, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

39.     At all times here relevant, the Defendant FEDEX, employed the woman who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered to the City of Chicago, County of Cook and State of Illinois  as their agent, apparent agent, employee and representative.

40.     At all times here relevant, the Defendant FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff, JEROLD S. SOLOVY.

41.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of hiring, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

42.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of hiring, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting FedEx packages that she was not authorized to handle.

43.     On or after February 9, 2007 the particular unfitness of the Defendant FEDEX, through its agent, apparent agent, employees and representatives injured the Plaintiff JEROLD S. SOLOVY, in that FEDEX  never did deliver the Plaintiff's package that contained the necklace.

44.     On February 9, 2007, Defendant, FEDEX, was negligent in one or more of the following ways:

9

a.   Failed to exercise reasonable care to ensure that Defendant FEDEX hired employees that were competent, fit, and/or qualified;

b.   Negligently hired a certain employee who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

c.   Negligently hired a certain employee when it knew or should have known that the certain employee was unfit, and her unfitness, incompetency, and delinquent record created an unreasonable risk of harm to others, including Plaintiff, JEROLD S. SOLOVY;

d.   Failed to perform a background check for the certain employee who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered to the City of Chicago, County of Cook and State of Illinois, and;

e.   Was otherwise careless or negligent.

45.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VI - NEGLIGENT SUPERVISION

46.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

47.    At all times here relevant, Defendant, FEDEX, supervised, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and

10

accomplished the purpose and business of FEDEX.

48.     At all times here relevant, the Defendant FEDEX, employed the woman who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered to the City of Chicago, County of Cook and State of Illinois as their agent, apparent agent, employee and representative.

49.     At all times here relevant, the Defendant FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff, JEROLD S. SOLOVY.

50.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

51.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting FedEx packages that she was not authorized to handle.

52.     On or after February 9, 2007 the particular unfitness of the Defendant FEDEX, through its agent, apparent agent, employees and representatives injured the Plaintiff JEROLD S. SOLOVY, in that FEDEX never did deliver the Plaintiff's package that contained the necklace.

53.     On February 9, 2007, Defendant, FEDEX, was negligent in one or more of the following ways:

        a.     Failed to supervise a certain employee, despite its knowledge of her unfitness and delinquent propensities;

11

b.   Allowed a certain employee to wrongfully exercise dominion illegally over Plaintiff's personal property;

c.   Failed to supervise a certain employee when it knew or should have known that said employee had a record and past history of handling packages without authorization;

d.   Failed to supervise a certain employee, when it knew or should have known that said employee posed an unreasonable risk of harm to Plaintiff, JEROLD S. SOLOVY; and

e.   Was otherwise careless or negligent.

54.   As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VII - NEGLIGENT RETENTION

55.   Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

56.   At all times here relevant,  Defendant, FEDEX, retained, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

57.   At all times here relevant, the Defendant FEDEX, employed the woman who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered to the City of Chicago, County of

12

Cook and State of Illinois as their agent, apparent agent, employee and representative.

58.     At all times here relevant, the Defendant FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff, JEROLD S. SOLOVY.

59.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining her, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

60.     At all times here relevant, the Defendant FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting FedEx packages that she was not authorized to handle.

61.     On or after February 9, 2007 the particular unfitness of the Defendant FEDEX, through its agent, apparent agent, employees and representatives injured the Plaintiff JEROLD S. SOLOVY, in that FEDEX never did deliver the Plaintiff's package that contained the necklace.

62.     On February 9, 2007, Defendant, FEDEX, was negligent in one or more of the following ways:

   a.     Negligently retained a certain employee, despite its knowledge of her delinquent propensities;

   b.     Negligently retained a certain employee when it knew or should have known that said employee had a record and past history of handing packages without authorization;

   c.     Negligently retained Defendant, STEVE C. KING, when it knew or should have known that Defendant, STEVE C. KING, was arrested for domestic battery against Plaintiff, GLORIA McCORMICK, on October 25, 1995, October 16, 1999, November 16, 2003, and April 15, 2005;

13

    d.    Negligently retained a certain employee who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the Plaintiff's FedEx package containing the necklace and cause it to be delivered to the City of Chicago, County of Cook and State of Illinois when Defendant FEDEX knew or should have known that the employee posed an unreasonable risk of harm to Plaintiff, JEROLD S. SOLOVY; and

    e.    Was otherwise careless or negligent.

63.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT VIII - NEGLIGENCE

64.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

65.    On or around February 9, 2007 Defendant FEDEX, through its agents, apparent agents, employees and representatives breached its duty with the Plaintiff in the following respects:

    a.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to deliver the Plaintiff's package;

    b.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to properly track Plaintiff's package;

    c.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to return Plaintiff's package;

14

    d.    Defendant FEDEX, through its agents, apparent agents, employees and representatives failed to notify the Plaintiff that his package was lost, misplaced, and/or mis-delivered;

    e.    Defendant was otherwise careless and negligent.

66.    At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was careless or negligent in misrepresenting itself to the Plaintiff JEROLD S. SOLOVY, in that FEDEX never did deliver the Plaintiff's package that contained the necklace.

67.    As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT IV - MISCHANCE

68.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 10 as though set forth at length herein.

69.    On February 9, 2007, the Defendant FEDEX agreed to make the pickup of the Plaintiff's packages at his vacation home.

70.    That at the aforesaid time and place, Jane Doe accepted the packages from the Plaintiff JEROLD S. SOLOVY, assuring him that she could accept the package and would immediately dispatch

the package to Chicago, but in fact she had no such intent, but rather distrain any such as might profitably be diverted.

71.    The Plaintiff believed and reasonably relied upon the representations of Jane Doe and the reputation of FEDEX, and so believing and relying entrusted the packages to FEDEX and Jane Doe, who received them as it's agent and in the regular course of its business.

72.    Later that day, Jane Doe, with or without assistance of other FEDEX employees, distrained the package bound for the City Chicago, County of Cook and State of Illinois, and possessed themselves of the contents without legal justification and authority, and have refused to return it to Plaintiff although demand has been made on FEDEX so to do, but continues to hold and distrain it even to this day contrary to law and good conscience.

73.    The Defendant's agent, apparent agent, employee and representative, Jane Doe, stole and retained the Plaintiff's package containing the necklace for herself or other agents, apparent agents, employees and representatives of the Defendant FEDEX.

74.    At all times relevant the Defendant FEDEX has kept Jane Doe's true identity secret and hidden.

75.    Defendant FEDEX and its agents, apparent agents, employees and representatives were all in cahoots because they kept Jane Doe's identity secret because they benefitted from such illegal actions on the parts of their agents, apparent agents, employees and representatives.

76.    The Defendant FEDEX permits misconduct on the part of its agent's and FedEx as an employer chose to keep a blind eye to the actions of its employees, or in the alternative they ratified and endorsed the actions of its employees.

77.     The Defendant FEDEX has continued to approve and ratify the conduct of Jane Doe by concealing her identity from the Plaintiff.

78.     At all times relevant to this cause of action, Defendant FEDEX, through its agents, apparent agents, employees and representatives was careless or negligent in misrepresenting itself to the Plaintiff JEROLD S. SOLOVY, in that FEDEX never did deliver the Plaintiff's package that contained the necklace.

79.     As a direct and proximate result of one or more of the aforesaid intentional, willful, wanton or negligent acts and/or omissions of the Defendant FEDEX, through its agents, apparent agents, employees and representatives that resulted in the loss of the Plaintiff's personal property, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary and punitive nature.


WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendant, FEDEX GROUND, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).


_____
Attorney for Plaintiff




Robert A. Clifford
Brian S. Shallcross
CLIFFORD LAW OFFICES
120 N. LaSalle Street


17