**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JEROLD S. SOLOVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 07 CV 6721 |
| | ) | JUDGE KENDALL |
| | ) | MAG. JUDGE ASHMAN |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation | ) | |
| FEDEX CUSTOM CRITICAL, INC., | ) | |
| A Delaware Corporation | ) | |
| FEDEX KINKO'S OFFICE AND | ) | |
| PRINT SERVICES, INC., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORP., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR REMAND**

This case involves the alleged conversion of a $20,135 necklace by the Defendants' employee. Plaintiff has not cited or relied on a single federal statute or regulation in support of any of his causes of action. Rather, Plaintiff has stated only state common law causes of action, including conversion, fraudulent misrepresentation, negligent misrepresentation, negligent hiring, negligent supervision, negligent retention, breach of bailment agreement, mischance, and negligence. (See Plaintiff's Complaint at Law attached as Exhibit A). While this case is unique in several respects, it does not involve analysis beyond standard fare state tort law issues.

In paragraph two of their Notice of Removal, Defendants state, "At this point in time, none of

the Federal Express Corporations have received enough information to determine exactly which company was involved in the shipment of Plaintiff's package. However, accepting the facts as Plaintiff has alleged, the shipment was evidently handled by either FedEx Ground Package System, Inc. (FedEx Ground) or by Federal Express Corporation (FedEx Express)." (See Defendant's Notice of Removal, attached as Exhibit B).

This characterization of Plaintiff's complaint completely ignores the crux of Plaintiff's case; i.e., that the Defendants' driver converted Plaintiff's property and had no intention of ever seeing that it was delivered, and that the Defendants took no steps to see that it was delivered, and that they failed to take care in hiring and monitoring this employee when they knew or should have known that this employee posed a risk to innocent third-parties. What the Defendants cannot and do not deny is that this necklace never made its way into "interstate commerce," and that Plaintiff's property was never "shipped" or "handled" for purposes of delivery by Federal Express, the consequence being that any consideration of federal law as cited by Defendants is irrelevant. Equally irrelevant is Federal Express's status as a "federally certified air carrier," since Plaintiff's property was never put onto an airplane and the employee who allegedly converted the necklace represented that she was with FedEx Ground.

Even if after reviewing Plaintiff's Complaint the Court finds that federal statutes or regulations may become relevant in this case, it is well-established that the mere presence of a federal issue in a state-law claim does not confer federal-question jurisdiction.

## ARGUMENT

**DEFENDANTS HAVE FAILED TO SHOW FEDERAL QUESTION JURISDICTION EXISTS OVER PLAINTIFF'S STATE-LAW TORT CLAIMS WHERE NO CONTESTED OR SUBSTANTIAL FEDERAL ISSUE IS PRESENT AND CONGRESS DID NOT INTEND TO COMPLETELY PRE-EMPT GARDEN VARIETY STATE-LAW CAUSES OF ACTION.**

In actions brought in state court, defendants may remove civil actions over which federal courts have original jurisdiction. 28 U.S.C. §1441. Where complete diversity is lacking, a defendant may remove a case to federal court only if the federal district court would have original federal subject-matter jurisdiction. Disher v. Citigroup Global Markets Inc., 419 F.3d 649, 654 (7th Cir. 2005). Removal statutes are to be strictly construed in favor of non-removal (Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)), and the party seeking removal bears the burden of establishing federal jurisdiction (Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004)). Any doubt regarding jurisdiction should be resolved in favor of the states. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993).

"To determine whether the claim arises under federal law, courts must examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Beneficial National Bank v. Anderson, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). Under this "well-pleaded-complaint" rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

As a general rule, the plaintiff is the master of his own complaint and can avoid federal question jurisdiction by pleading exclusively state-law claims. Bastien v. AT&T Wireless Services, Inc., 205 F.3d 983, 986 (7th Cir. 2000). Thus, a defense that relies on the preemptive effect of a federal statute will not provide a basis for removal and, "absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." Anderson, 539 U.S. at 6. Nor may jurisdiction be sustained on some theory that the plaintiff has not advanced. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 809, n.6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1992).

This case is a classic example of an attempted removal based on a federal defense. The Defendants base their Notice of Removal (and subsequently filed affirmative defenses) on 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act dealing with ground carriers and

3

its federal common law counterpart applicable to air carriers. The United States District Court for the Northern District has recently granted motions to remand and declined to deal with purported Carmack cases. In Hanjin Shipping Co., LTD. v. Norfolk S. Ry. Co., 2007 U.S. Dist. LEXIS 28539, a Northern District case, the Court remanded a case where the Defendant argued that Carmack preempted Plaintiff's case but the Plaintiff, as is the case here, had not plead a Carmack claim. The Court stated:

> However, this court does not have to address that issue, nor should it, as Hanjin does not plead a federal claim under the Carmack Amendment in its complaint. Under the well-pleaded complaint rule, the Seventh Circuit has stated:
>
>> The existence of a federal question must appear on the face of the plaintiff's complaint. Thus, a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question. A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue the state claims in state court.
>
> People of the State of Illinois v. Kerr-McGee Chem. Corp., 677 F.2d 571, 575 (7th Cir. 1982) (internal citations omitted). Because Hanjin's complaint arises in contract and tort and the amount at issue is less than $ 75,000 and does not satisfy the requirements for diversity jurisdiction, there does not appear on the face of the complaint any other basis for subject mater jurisdiction. Thus, the count must grant Hanjin's motion to remand.

In another Northern District case, Ducham v. Reebie Allied Moving & Storage, Inc., 372 F.Supp.2d 1076 (N.D. Ill. 2005), the District Court found that the Plaintiff's action was not completely preempted by the Carmack Amendment because the Plaintiff's contract fraud claim did not arise in connection with the loss of or damage to his goods, but, rather, arose from the company's alleged extortion of a large added payment from the owner under duress. The court further found that the lack of preemption placed the company's other preemption claims into the category of federal defenses, rather than in the complete preemption category, which was fatal to the company's attempted removal of the Plaintiff's action.

Absent the presence of a "substantial federal issue" embedded within the plaintiff's state-law cause of action, the Supreme Court has recognized "only two circumstances" in which a state law claim may be removed to federal court: when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete preemption. <u>Anderson</u>, 539 U.S. at 8.

In summary, removal is proper where (1) the plaintiff pleads a cause of action expressly provided by a federal statute; (2) the plaintiff's state-law claims involve a contested and substantial federal question; (3) Congress has expressly provided for the removal of the plaintiff's claims; or (4) Congress has completely pre-empted the plaintiff's state-law claims. There is simply no basis for removal in this case. Plaintiff has not pled any federal cause of action, nor do Defendants cite to any federal statute which expressly provides for removal of Plaintiff's state-law claims. Moreover, Plaintiff's causes of action do not involve a contested and substantial federal question, nor did Congress intend to completely preempt the causes of action that Plaintiff has pled. Because this Court lacks subject-matter jurisdiction, it should remand this case to the Circuit Court of Cook County.

## THERE IS NO SUBSTANTIAL FEDERAL QUESTION RAISED BY THIS CASE

Federal-question jurisdiction is "invoked by and large by plaintiffs pleading a cause of action created by federal law." <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 125 S.Ct. 2363, 2366 (2005). In this case, Plaintiff has not even cited, much less invoked, any federal law or regulation in any of the causes of action contained in his complaint.

However, the Supreme Court recently re-affirmed a "longstanding" but "less frequently encountered, variety of federal 'arising under' jurisdiction" over state-law claims that "implicate significant federal issues." See <u>Id</u>, 125 S.Ct. at 2366. A federal issue in a state law claim is substantial only if plaintiff's right to relief "necessarily turns on some construction of federal law." <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

5

Citing Smith v. Kansas City Title & Trust Co., as a "classic example" of this "embedded-substantial-federal issue" doctrine, the Grable court held that "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable, 125 S.Ct. at 2367, citing 225 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921) (finding federal question jurisdiction where a shareholder claimed his corporation's purchase of National Government bonds was improper because issuance of those bonds was unconstitutional even though Missouri law provided the cause of action; the principal issue in the case was the federal constitutionality of the bond issue).

Even where a contested and substantial federal issue exists, "the exercise of federal jurisdiction is subject to a possible veto." Id, 125 S.Ct. at 2367. In addition to the existence of a contested and substantial federal issue, the exercise of jurisdiction must also be consistent with "congressional judgment about the sound division of labor between the state and federal courts governing the application of § 1331." Id, 125 S.Ct. at 2367. Thus, to justify removal, the defendant must show that "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 125 S.Ct. at 2368.

Defendant argues that removal is proper if FedEx Ground "was involved with the shipment of this package" by reason of federal question jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, 49 U.S.C. § 14706, and by virtue of FedEx Ground's status as a "motor carrier operating in interstate commerce." Defendants alternatively argue that the "claims asserted by the Plaintiff in his Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx Express. As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b)." This case

represents an attempt to recover damages to compensate the Plaintiff not for the loss of property or damage to property, but for the wrongful taking of property. The invocation of "interstate commerce" by the Defendants assumes facts outside of the Complaint. Plaintiff clearly asserts that the necklace was converted by Defendants' employee with the result being that nothing "interstate" or "commercial" occurred.

Defendants have failed to identify any substantial and contested federal law issue that will be implicated in this case. To justify removal, an embedded federal issue must be both contested and substantial. Grable, 125 S.Ct. at 2368. A federal issue in a state law claim is substantial only if plaintiff's right to relief "necessarily turns on some construction of federal law." Franchise Tax Board, 463 U.S. at 9. In this case, there is simply no contested and substantial federal issue raised by Plaintiff's causes of action. This case arises from the alleged wrongful taking of plaintiff's property. The fact that the employer of the person who allegedly wrongfully took Plaintiff's personalty is a shipping company does not transform the nature of the causes of action from garden-variety state-law tort claims into substantial federal questions.

First, none of the federal statutory provisions cited by Defendants will be "contested" in this case. For federal-question jurisdiction to lie, the federal issue must be both substantial and contested. See Grable, 125 S.Ct. at 2368 (stating removal is proper only where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial") (emphasis added); compare Glorvigen v. Cirrus Design Corp., 2006 WL 399419 slip op. at (E.D.Minn 2006) (granting the plaintiff's motion for remand, in part, because "while the parties may disagree on the applicability of the [Federal Aviation Regulations], the parties do not contest the meaning of any regulation and point to no federal law that is in dispute") with Hayes v. American Airlines, Inc., 2005 WL 2367623 at 4 (E.D.N.Y. 2005) (finding federal-question jurisdiction where the plaintiff's claim "stated a federal issue as to whether the refunds in question are mandated by the relevant federal statutes and regulations" that was "actually

disputed and substantial," noting that "[b]oth parties have submitted letters advocating opposing interpretations of [those] provisions"). Thus, defendants have not demonstrated the existence of a contested, much less a contested and substantial, federal issue.

Second, Plaintiff has not relied on (or even cited to) a single federal statute or regulation in his complaint. As master of his own complaint, Plaintiff can avoid federal question jurisdiction by pleading exclusively state-law claims. Bastien, 205 F.3d at 986. Plaintiff has done just that.

Third, Plaintiff's ability to recover in this case does not depend upon or "necessarily turn" upon a favorable judicial interpretation of a federal statute (see Grable, 125 S.Ct. at 2368), or some other federal right (see Smith, 225 U.S. at 199). Instead, Plaintiff's recovery depends on his being able to establish each essential element for each cause of action as defined under Illinois tort law.

Even if Plaintiff's state-law claims raise a contested and substantial federal question, this Court should decline jurisdiction because to do so would not be consistent with Congress' judgment about whether such claims should be heard in federal court. The Grable court found that "even when a state action discloses a contested and substantial federal question, the exercise of federal jurisdiction is subject to a possible veto;" namely, "[b]ecause arising-under jurisdiction to hear a state-law claim always raises the possibility of upsetting the state-federal line drawn (or at least assumed) by Congress, the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction." Grable, 125 S.Ct. at 2367-68. Thus, in addition to establishing the existence of a contested and substantial federal issue, a removing defendant must demonstrate that (1) exercising "arising under" jurisdiction would not undermine Congress' intent; (2) removal of such claims will not disrupt the division of labor between state and federal courts; and (3) an important interest exists in providing a federal forum to hear the purportedly removable

claims.  See Id, 125 S.Ct. at 2367-68.

Defendants in their Notice of Removal cite to the Seventh Circuit's decision in Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007) for the proposition that "a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction."  Plaintiff does not quarrel with the Defendants' characterization of that holding as a general rule, but here the gravamen of Plaintiff's state complaint focuses on allegations that do not involve "lost" or "damaged" goods, but rather wrongfully converted goods.  As the Court stated in Treiber, the federal interest recognized relates to a uniform body of law on liability of common air carriers but does not in all instances preempt state law claims anytime the transportation of goods is involved.  474 F.3d at 386.  State law claims are only preempted when they are being used to avoid limits of liability relating directly to transportation issues.  Here, Plaintiff state claims are largely based on conduct unrelated to the transportation of the goods in question.  Therefore, Treiber and other cases cited by the Defendants in their Notice of Removal are inapposite.

Since the Defendant cannot demonstrate the existence of a contested and substantial federal issue, this Court should remand this case to the Circuit Court of Cook County.

### CONGRESS DID NOT INTEND TO COMPLETELY PRE-EMPT GARDEN VARIETY STATE-LAW CAUSES OF ACTION

The Supreme Court has explicitly stated that "[a] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  Caterpillar, 482, U.S. at 392 (emphasis in original).  Despite this

well-settled rule, Defendants seek removal in this case based upon anticipated federal defenses that they alone have injected into this case. This is a clear abuse of the removal process, and this Court should remand this case to the Circuit Court of Cook County.

In their Notice of Removal, Defendants rely on 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act, which provides that a carrier of property in interstate commerce is generally liable to the shipper for losing or damaging a shipment in transit. The purpose of the Carmack Amendment is to "protect shippers against the negligence of interstate carriers and to 'relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods.'" Fuente Cigar, Ltd., v. Roadway Express, Inc., 961 F.2d 1558, 1559 n. 1 (11th Cir.1992)(citing Reider v. Thompson, 339 U.S. 113, 119 (1950)).

This case does not implicate any of the purposes behind the Carmack Amendment or its equivalent federal common law related to air carriers. This case does not involve lost goods or damaged goods. It does not involve numerous carriers or the interstate shipment of goods.

It is clear that removal of this case would improperly convert Plaintiff's state tort-law claims (conversion, fraudulent misrepresentation, negligent misrepresentation, negligent hiring, negligent supervision, negligent retention, breach of bailment agreement, mischance, and negligence) into federal claims. Such conversion occurs only under the "complete preemption" doctrine, which comes into play when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)( *quoting* Metropolitan Life

Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). To date, the United States Supreme Court has found only three statutes which completely preempt state-law claims: (1) section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185; (2) section 1132 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq.*;* and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. § 21 et seq.  Dunlap v. G & L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir.2003).

Rather than completely preempting state law, the Carmack Amendment and its federal common law counterpart falls within the ambit of the "ordinary preemption" doctrine, which may be used as an affirmative defense in either state or federal court to argue that "state claims have been substantively displaced by federal law." Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352 (11th Cir.2003). However, this defense is not a proper basis on which to remove a case. Id. at 1352-53. Preemption may displace state law, yet lack the "extraordinary force" needed to create federal removal jurisdiction under complete preemption. Id. at 1353. In such cases, "it falls to the state courts to assess the merits of the ordinary preemption defense." *Id.* ( *citing* Caterpillar*,* 482 U.S. at 398 n. 13).

As has been made clear, Plaintiff has not pled a Carmack Amendment cause of action or any other federal cause of action.  Even if however, Plaintiff had pled a cause of action under Carmack, the Carmack Amendment unequivocally states in 49 U.S.C. § 14706(d)(3)  that Carmack claims may be brought in state court:

> **(3) Jurisdiction of courts. A civil action under this section may be brought in a United States district court or in a State court.**

By this language, state courts are clearly contemplated as being appropriate forums for dealing with the federal issues that Defendants imagine are relevant here. There is nothing magical about Carmack claims that require the time and resources of a federal court to resolve.

Combined with the principle that remand is favored when federal jurisdiction is not absolutely clear, Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994), the lack of complete preemption requires that this case be remanded to the Circuit Court of Cook County.

## THERE IS NO OVERRIDING NEED FOR A FEDERAL FORUM IN THIS CASE

There may be a general interest in having consistent and uniform interpretations of federal statutes and regulations; however, Defendants have not explained how any federal statute or regulation will be "interpreted" in this case, or what the contested interpretations might be. Plaintiff did not cite a single federal statute or regulation in his complaint. Though Defendants make a furtive reference to "shipments in interstate commerce by air carriers" in its Notice of Removal (at pg. 3), they point to no statutory provision or regulation that might be relevant to this case, which involves an alleged conversion of property rather than any shipment, and the failure of the Defendants to properly supervise employees.

Moreover, "even if there is no original district court jurisdiction for these kinds of actions, [the Supreme] Court retains power to review the decision of a federal issue in a state cause of action." Merrell Dow, 478 U.S. at 816. Thus, even if some federal statute or regulation will be relevant in this case and will need to be interpreted, a federal forum exists to review (and correct) any aberrant state

court interpretation. Quite simply, the integrity of federal law will not be put at risk by allowing this case to be heard in state court.

## CONCLUSION

Because there is no basis for finding that Plaintiff's state-law tort claims "arise under" the laws of the United States, there is no basis for removal, and this Court lacks subject-matter jurisdiction over this case. Therefore, this Court should grant Plaintiff's Motion to Remand this case to the Circuit Court of Cook County.

Respectfully submitted,

s/
Robert A. Clifford
Brian S. Shallcross
Clifford Law Offices, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
ARDC No: 00461849
Telephone: (312) 899-9090
Fax: (312) 251-1160
E-mail: bss@cliffordlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2007, I electronically filed MEMORANDUM IN SUPPORT OF HIS MOTION FOR REMAND with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Patrick J. Keating, O'Hagan Spencer LLC, 55 W Wacker Drive, Suite 1400, Chicago, Illinois 60601; Edward C. Eberspacher, O'Hagan Spencer LLC, 55 W Wacker Drive, Suite 1400, Chicago, Illinois 60601, and hereby certify that on December 19, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants: Thomas W. Murrey, Jr., Federal Express Corporation, 3620 Hacks Cross Road, Building B, Third Floor, Memphis, Tennessee 38125.

      Respectfully submitted,

By: /s/ Brian S. Shallcross
    Brian S. Shallcross
    Clifford Law Offices, P.C.
    120 N LaSalle Street
    Suite 3100
    Chicago, Illinois 60602
    (312) 899-9090 Phone
    (312) 251-1160 Fax
    bss@ cliffordlaw.com