# Exhibit B

20859-PJK

*MHN*

**FILED**
J.N
NOV 2 9 2007
NOV 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Jerold S. Solovy, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 07cv6721 |
| | ) JUDGE KENDALL |
| | ) MAG. JUDGE ASHMAN |
| FedEx Ground Package System, Inc. | ) |
| Federal Express Corporation, FedEx | ) |
| Custom Critical, FedEx Kinko's Office | ) |
| And Print Service, Inc., FedEx Corp., | ) |
| And FedEx Corporate Services, Inc. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION AND TO PLAINTIFF:

**PLEASE TAKE NOTICE** that Defendants FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc., FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc., hereby file their joint Notice of Removal under 28 U.S.C. § 1441, to effect removal of this matter which was commenced in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L 012043. Removal is proper for the following reasons:

1. On October 24, 2007, Plaintiff filed this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L 012043.

20859-PJK

FedEx's records indicate that it first received notice of this action on October 30, 2007, when it was served with a copy of the Complaint, and thirty days since such notice has not yet expired.

2. At this point in time, none of the Federal Express Corporations have received enough information to determine exactly which company was involved with the shipment of the Plaintiff's package. However, accepting the facts as Plaintiff has alleged, the shipment was evidently handled by either FedEx Ground Package System, Inc. (FedEx Ground) or by Federal Express Corporation (FedEx Express).

3. Removal to federal court is proper, regardless of which company handled the package.

4. If FedEx Ground was involved with the shipment of this package, the United States District Courts have original jurisdiction by reason of federal question jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337 and 49 U.S.C. §14706. FedEx Ground is a motor carrier operating in interstate commerce.

5. To be eligible for removal, 28 U.S.C. §1337 requires that the amount in controversy for each bill of lading exceed $10,000.00. In his complaint, Plaintiff seeks damages in excess of $10,000.00 for one shipment on one bill of lading.

6. If FedEx Express was involved with the shipment of the package, the United States District Courts have original jurisdiction by reason of federal question jurisdiction, 28 U.S.C. § 1331.

20859-PJK

7.      The claims asserted by the Plaintiff in his Complaint, and the liability of FedEx, if any, are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx Express. As such, this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b). Treiber & Straub, Inc. v. United Parcel Service, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction"); Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922 (5th Cir. 1997); McCall-Thomas Eng'g Co. v. Federal Express Corp., 81 F.2d 28 (4th Cir. 1996) ("Claims involving shipments in interstate commerce by air carriers are governed by federal law."); see also: Diero v. American Airlines, Inc., 816 F.2d 1360 (9th Cir. 1987); First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc., 731 F.2d 1113 (3d Cir. 1984); North American Phillips Corp. v. Emery Air Freight Corp., 579 F.2d 229 (2d Cir. 1978).

8.      Attached hereto as Exhibit "A," is a true and correct copy of the pleadings and process filed in this action in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Case No.: 2007 L012043. A notice of filing of this Notice of Removal is being concurrently filed with the Circuit Court of Cook County, Illinois, County Department, Law Division.

WHEREFORE, Defendants, FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc.,

20859-PJK

FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc., pray that this civil action be removed to this Court from the Circuit Court of Cook County, Illinois, County Department, Law Division.

Dated: This 29th day of November, 2007.

Respectfully Submitted:
O'Hagan Spencer LLC

By: _____
Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
55 W. Wacker Drive, Suite 1400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax

20859-PJK

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid, this 29th day of November, 2007 to:

>Robert A. Clifford
>Clifford Law Offices
>120 North LaSalle Street
>31st Floor
>Chicago, Illinois 60602
>Telephone: (312) 899-9090

_____
Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
O'Hagan Spencer LLC
55 W. Wacker Drive, Suite 1400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:

Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax