IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JEROLD S. SOLOVY,        )<br>                               )<br>    Plaintiff,              )<br>                               )<br>v.                            )<br>                               )<br>FEDEX GROUND PACKAGE SYSTEM, INC.,  )<br>FEDERAL EXPRESS CORPORATION,        )<br>FEDEX CUSTOM CRITICAL, FEDEX        )<br>KINKO'S OFFICE AND PRINT            )<br>SERVICES, INC., FEDEX CORP., FEDEX  )<br>CORPORATE SERVICES, INC.,           )<br>                               )<br>    Defendants.              ) | Case No. 07 CV 6721<br>JUDGE KENDALL<br>MAG. JUDGE ASHMAN |

_____

**RESPONSE OF FEDERAL EXPRESS CORPORATION AND FEDEX
GROUND PACKAGE SYSTEM, INC. IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**
_____

Federal Express Corporation ("FedEx Express") and FedEx Ground, by their undersigned counsel, respectfully submit this response to the "Plaintiff's Memorandum in Support of His Motion for Remand."

**I.  FACTS**

This lawsuit is based on a lost shipment allegedly tendered to FedEx Ground in Florida and to be shipped to Illinois via Federal Express shipping services on or about February 9, 2007.  The Plaintiff alleges in his Complaint that he "placed the aforesaid necklace in an 8 x 10 FedEx box and filled out an air bill with a corresponding FedEx tracking number of 8448 4685 5804 or 8448 4685 5806 so that it could be shipped back to Sidney Graber Fine Jewelry . . ."[1]  Plaintiff alleges that the contents of the package

---

[1]  See Plaintiff's Complaint, Paragraph 5.  Both tracking numbers belong to FedEx Express, the airline.

were lost or stolen during transit.[2]  FedEx Ground and FedEx Express are two separate corporate entities.  FedEx Express is an all-cargo air carrier.[3]  FedEx Ground is a common carrier engaged in the interstate transportation of goods by truck.

## II.  ARGUMENT

### A.  Both FedEx Ground and FedEx Express Have Grounds For Removal.

Both FedEx Express and FedEx Ground have proper grounds for removal.  FedEx Ground is a common carrier subject to the Carmack Amendment, which is the federal statute governing the shipment of goods in interstate commerce by motor carriers (trucking companies).  The basis for removal by FedEx Ground is statutory, found at 28 U.S.C. §1337(a).  FedEx Express may remove this case to federal court on the basis of federal question jurisdiction.

### B.  FedEx Ground May Remove This Case To Federal Court.

FedEx Ground's statutory basis for removal is found at 28 U.S.C. §1337 (a):

(a) The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.

Better known as the Carmack Amendment, 49 U.S.C. §14706 addresses the liability of motor carriers for loss or damage to goods transported in interstate commerce.  In the present case, Plaintiff alleges that he tendered a piece of jewelry "at the Plaintiff's residence in Naples, Florida" to a FedEx "agent, apparent agent, employee" or

---

[2]  See generally Plaintiff's Complaint.
[3]  See *Federal Express v. California Public Utilities Commission*, 936 F.2d 1075 (9th Cir. 1991).

2

"representative", with the intention that it "be delivered to the City of Chicago."[4] Obviously, the package was to enter interstate commerce if it was to travel from Naples, Florida to Chicago, Illinois. The $10,000 threshold for a bill of lading requirement is admittedly met by Plaintiff, as Plaintiff states in his Remand Motion that the necklace was worth $20,135.00.[5]

No matter how Plaintiff attempts to plead or fashion his case, he cannot escape the fact that the case originates from his tendering a package to defendants for interstate transportation. Plaintiff argues that there are only two circumstances when a state law claim may be removed to federal court: (1) when Congress expressly so provides, and (2) when a federal statute wholly displaces the state-law cause of action through complete preemption. By enacting 28 U.S.C. 1337(a), Congress showed its intent for federal courts to have original jurisdiction when a plaintiff sues on a waybill having a value of $10,000.00.

Plaintiff relies on *Hanjin v. Norfolk Southern Railway*, 2007 U.S. Dist. Lexis 28539 (N.D. Ill. 2007), as a basis for remand. *Hanjin* involved a shipment by sea from the Far East to Long Beach, California. The shipment then proceeded to the Midwest by rail. The defendant removed the case on the general admiralty and maritime jurisdiction of the federal court. The court found that the maritime and admiralty jurisdiction did not apply in the case, and then addressed the possibility that a federal claim existed under the Carmack Amendment. The district court judge then quoted *People of the State of Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 (7th Cir. 1982)

> The existence of a federal question must appear on the face of the plaintiff's complaint. Thus, a defendant's assertion of an issue of federal

---

[4] See Plaintiff's Complaint, Paragraph 7.
[5] See Plaintiff's Memorandum In Support Of His Motion For Remand, page 1, line 1.

3

> law in the pleadings or in the petition for removal does not create a federal question. A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue the state claims in state court.

The *Hanjin* court did recognize that the defendants before it had not asserted federal jurisdiction under the Carmack Amendment in their initial removal papers, and there is no evidence that Judge Andersen was presented with, or considered, the extensive body of law, <u>infra</u> finding; removal of Carmack cases appropriate. Throughout his Motion to Remand, Plaintiff relies on a general proposition that the Plaintiff is the master of his own complaint, and that by omitting federal causes of action and only pleading state law causes of action, removal can be defeated. This argument fails here because of an exception to the well-pleaded complaint rule. Under the "complete preemption" doctrine, "there are times when a federal statute so completely preempts a particular area of law that any civil complaint raising this select group of claims is necessarily federal." *Woods v. Unigroup*, 945 F.Supp.1255 (E.D. Mo. 1996). The court in *Woods* quoted the Supreme Court in *Adams v. Croninger*, 226 U.S. 491, 57 L.Ed. 314, 33 S.Ct. 148 (1913) and concluded:

> the Supreme Court addressed the preemptive scope of the Carmack Amendment relating to state regulation of carrier liability. In holding that the Amendment did preempt state law remedies, the Court wrote, "almost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it."

The court concluded by holding that "because the Carmack Amendment preempts Plaintiff's state law negligence cause of action, the claim was properly removed for this Court's exercise of original jurisdiction." As in *Woods*, the "complete preemption" doctrine applies here, and Plaintiff's claims are removable to federal court.

Plaintiff claims that the U.S. Supreme Court has not expressly found that the Carmack Amendment completely preempts state law remedies for purposes of removal. However, the Circuit Courts that have addressed this issue have agreed that the Carmack Amendment completely controls this area of the law. In *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007), the plaintiff shipped her household goods from California to Montana. Plaintiff filed a complaint alleging state law claims of breach of contract, fraud and conversion. Addressing the issue of removal, the court held that "the Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, <u>failure to deliver</u> or damage to property." Id at p. 688. (emphasis added). The court there had to decide "whether Hall's claim arose under federal law, thus permitting removal to federal court, even though Hall may have sought a remedy available under state law" *Id*. at footnote 4. The Ninth Circuit's conclusion was that "complete preemption (a jurisdictional issue) converts a well-pleaded state law claim into an inherently federal claim for jurisdictional purposes . . . " *Id.* at footnote 8. The Ninth Circuit finally held that denial of the motion to remand was proper.

The Fifth Circuit dealt with the same issue in *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir. 2003). The plaintiff in *Hoskins* sought to ship goods from Texas to Virginia. Upon delivery, several items were damaged or missing, and Hoskins filed suit in state court alleging three state law claims. Bekins Van Lines removed the case to federal court, and on appeal the Fifth Circuit addressed the propriety of the removal. After analyzing the history of this issue, the court concluded that:

> "Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier. Accordingly, we hold that the complete preemption doctrine applies. Because the Carmack

5

Amendment provides the exclusive cause of action for such claims, we find that Hoskins claims . . . could . . . be removed under §1441" *Hoskins* at 778.

This rationale has been widely followed throughout the nation. See *York v. Day Transfer Co.*, 2007 U.S. Dist. LEXIS 86351 (D. R.I. 2007)("the Court finds that the Yorks' stated claims fall within the Carmack Amendment's sphere of complete preemption. Accordingly, those claims were removable once the Yorks admitted that the amount in controversy exceeded $ 10,000."); *Hall v. North American Van Lines, Inc.*, 476 F.3d 683 (9th Cir. 2007)("Because Hall's completely preempted contract claim presents a federal question, the district court properly denied Hall's motion to remand."); *Solectron United States, Inc. v. FedEx Ground*, 2007 U.S. Dist. LEXIS 77333 (W.D. Tenn. 2007)(". . the Carmack Amendment, when it applies, converts a state common-law claim into a federal question claim, allowing removal to federal court under 28 U.S.C. 1441(b)."); *Andrews v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1329, (N.D. Ga. 2007)("Plaintiffs' claim arises under federal law and satisfies the minimum amount in controversy; defendants' removal was therefore proper and this court has subject matter jurisdiction over the dispute.").

No matter how Plaintiff attempts to characterize his claim, it involves the loss of goods that were tendered for interstate transportation. Plaintiff's claims thus fall with the Carmack Amendment's sphere of complete preemption, making Plaintiff's claims against FedEx Ground removable to federal court. The case law, combined with the statute expressly allowing removal for shipments with a value of $10,000.00 or more, clearly indicates that regardless of how Plaintiff characterizes his claims, removal to federal court is proper.

### C. FedEx Express May Also Remove This Case to Federal Court.

#### 1. Plaintiff's Claims Arise Under Federal Common Law.

FedEx Express is entitled to remove this case because shipments lost by air cargo carriers are governed by federal common law. *Sam L. Majors Jewelers v. ABX, 117 F. 3d 922 (5th Cir. 1997)*. Plaintiff concedes that he prepared a FedEx Express "air bill" for the shipment containing the necklace[6]. Courts have repeatedly held that FedEx Express is an all-cargo air carrier. See *Federal Express v. California Public Utilities Commission, 936 F.2d 1075 (9th Cir. 1991) cert. denied, 112 S. Ct. 2956 (1992)*. Federal jurisdiction exists if the claims in a case arise under federal common law. *Illinois v. City of Milwaukee, 406 U.S. 91, 100, 92 S. Ct. 1385, 1391, L. ed. 2d 712 (1972)*. To understand why federal question jurisdiction exists, an explanation of the legal background of air cargo shipments is necessary.

Historically, federal law has governed claims for loss of cargo. The federal common law that governs air cargo shipments is rooted deep in the history of transportation law, predating even the formation of the Republic. *See Munn v. Illinois*, 94 U.S. 113, 125 (1876) ("it has been customary in England from time immemorial, and in this country from its first colonization to regulate . . . common carriers . . . ."). In its infancy, the air carrier industry was governed by federal common law principles derived from those governing railroads. *First Pennsylvania Bank, N.A. v. Eastern Airlines, Inc.*, 731 F.2d 1113, 1117-18 (3d Cir. 1984).

In 1938 Congress enacted the *Civil Aeronautics Act, 52 Stat. 973*, which, for the first time, subjected air carriers to statutory regulation. This act was intended to promote

---

[6] See Plaintiff's Complaint, Paragraph 5.

the development of an air transportation system "adapted to the present and future needs of the foreign and domestic commerce of the United States . . . ." 52 Stat. 980. In enacting the CAA, Congress once again looked to statutes governing railroads for guidance. *First Pennsylvania*, 731 F.2d at 1117.

In 1958 a more comprehensive regulatory scheme was implemented by the Federal Aviation Act, 72 Stat. 731. However, at no time did either act abrogate the relevant federal common law. Both the CAA and the FAA contained savings clauses preserving remedies "now existing at common law or by statute . . . ." Courts have held that these savings clauses, previously found at 49 U.S.C. App. § 1506, "expressly incorporated the entire federal common law applicable to carriers". *First Pennsylvania*, 731 F.2d at 1117, quoting *Klicker v. Northwest Airlines, Inc.*, 563 F.2d 1310, 1314 (9th Cir. 1977).

In the late 1970's Congress began to deregulate air carriers, in part seeking the "encouragement and development of an expedited all-cargo air service system . ." *Federal Express v. California P.U.C.*, *supra* at 1079,(quoting from 49 U.S.C. App. § 1302(b)(1)). Even as it was working to dismantle regulation, the Civil Aeronautics Board expressly acknowledged the holding of the Ninth Circuit in *Klicker* and affirmed its "expectation that the courts will apply federal common law rules to the carriers' liability and claims practices." <u>Liability & Claim Rules and Practices</u>, 77 C.A.B. 763, 766 *(July 21, 1978)*.

Deregulation of air carriers culminated in 1978 with the passage of the Airline Deregulation Act, 49 U.S.C. App. § 1301 *et seq.* The ADA was intended to promote efficient and competitive air carrier service by the elimination of most domestic

economic regulations governing air carriers. *Morales v. Trans World Airlines, Inc.*, 119 L. Ed. 2d 157 (1992). However, to ensure that states would not attempt to fill the void left by deregulation with their own regulations, the ADA contained a section expressly preempting any state laws relating to the rates, routes or services of air carriers. *49 U.S.C. § 41713(b)(4)(A)*. Like the CAA and the FAA, the ADA contained a savings clause. *49 U.S.C. § 40120(c)*.

Federal courts across the country have repeatedly held that even in the face of deregulation, federal common law continues to govern the rights and liabilities of air carriers for cargo. Thus, a consistent theme can be seen throughout the entire history of the aviation industry, including the period after deregulation. Congress and the courts have consistently expressed a federal interest in the growth and maintenance of air carriers, and in nationally <u>uniform</u> rules of liability for shipments they carry. Through savings clauses, Congress has ensured that federal common law would continue to govern the liability of cargo air carriers. Where federal common law provides all rules of decision, no state law claims can survive.

**B.  Case Law Supports the Removal of Air Cargo Cases.**

All of the Circuit Courts of Appeal that have addressed the issue of removal have found that removal is proper in cases involving lost or damaged cargo shipped by air carriers. The Fifth Circuit Court of Appeals ruled that federal law continues to govern the liability of air carriers for losses suffered in connection with the transportation of cargo in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997). The decision in *Sam L. Majors Jewelers* thoroughly analyzed the issue of removing cases to federal court that involve interstate shipment of cargo by air. The court stated:

> The Supreme Court has recognized that '[i]t is a well-established principle of statutory construction that [t]he [federal] common law . . . ought not to be deemed to be repealed, unless language of a statute be clear and explicit for this purposes.' [Citation omitted.] When Congress has expressly preserved a remedy arising under federal common law our mandate is even more clear, and only by continuing to recognize the cause of action may we effectuate congressional intent. [Citation omitted.] When deregulating the airlines under the ADA, not only did Congress chose not to repeal federal common law in 'clear' and 'explicit' language, it chose the opposite course: the ADA includes an express provision preserving common law remedies. In enacting the ADA, Congress included a savings clause that provided:
>
> Nothing in this chapter shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Chapter are in addition to such remedies.
>
> 49 U.S.C. App. § 1506.[7]
>
> This savings clause had the effect of preserving the clearly established federal common law cause of action against air carriers for lost shipments. Although it has been argued that because the airline industry has been substantially deregulated, the rationale for applying a federal common law cause of action no longer exists, Congress has foreclosed this argument by including a provision in the ADA preserving federal common law actions. Therefore, a federal cause of action continues to survive for freight claims against air carriers.
> *See Sam L. Majors Jewelers*, at 117 F.3d at 928-929.

The Fifth Circuit went on to point out that they were not the first circuit to reach this conclusion, as the Third Circuit reached the same conclusion in *First Pennsylvania Bank v. Eastern Airlines*, 731 F. 2d 1113 (3rd Cir. 1984). See *Sam L.Majors* at 929.

The Seventh Circuit has also addressed this issue in *Treiber & Straub, Inc. v. United Parcel Service*, 474 F.3d 379 (7th Cir. 2007)("a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction"). Plaintiff "does not quarrel" with the proposition that claims for lost or damaged goods arise under federal common law

---

[7] This provision was re-enacted without substantive change as 49 U.S.C. § 40120(c).

and fall within the court's federal question jurisdiction. Plaintiff tries to distinguish *Treiber & Straub* by arguing that his case instead involves "wrongfully converted goods", thus federal common law does not apply. This is a mischaracterization of the law. What Plaintiff fails to recognize is that "conversion" is merely a subset of the possible reasons an interstate shipment can become "lost". The gravamen of plaintiff's complaint is that FedEx failed to deliver his jewelry. If the jewelry was delivered timely, no claim arises.

The claim of "true conversion" does exist under federal common law to allow a plaintiff to break the limits of liability set by the declared value on the shipment, if the plaintiff can show that the shipping company "converted" the goods to their own corporate use. See *Kemper Ins. Cos. v. Fed. Express Corp.*, 252 F.3d 509 (1st Cir. 2001)("The carrier may properly limit its liability where the conversion is by third parties or even by its own employees."). Thus, even plaintiff's claims for conversion are part of the federal common law and do not allow Plaintiff to avoid federal question jurisdiction.

In *Nippon Fire & Marine Ins. Co. v. Skyway Freight Sys.*, 235 F.3d 53 (2nd Cir. 2000), the Second Circuit Court of Appeals decided to follow the rationale of *Sam L Majors* and held that "federal common law continues to control the issue of liability of air carriers for lost or damaged shipments even after deregulation." In a note, the court further stated "since we conclude that this case arises under federal common law, federal jurisdiction over this case is properly based on 28 U.S.C. §1331, which 'supports claims founded upon federal common law as well as those of a statutory origin.'" Citing *Sam L. Majors Jewelers*, supra at 926. See *Nippon Fire & Marine Ins. Co. at 59*.

The Ninth Circuit in *SVT Corp. v. Federal Express Corp.*, No. 97-16233, United States Court Of Appeals for the Ninth Circuit, 1998 U.S. App. LEXIS 17791, April 17, 1998, reached a similar conclusion. In *SVT*, the plaintiff sued FedEx for breach of contract and conversion in connection with the loss of a package. FedEx removed the case to federal court. The plaintiff argued that the court lacked subject matter jurisdiction. The court disagreed stating:

> Because SVT's action seeks recovery for lost property against an interstate air carrier, its claims arise under federal common law. We therefore hold that federal question jurisdiction exists in this case.

The Ninth Circuit also addressed language in *American Airlines v. Wolens, 513 U.S. 219; 115 S. Ct. 817; 130 L. Ed. 2d 715 (1995),* by stating: "Accordingly, we do not believe the Court intended its holding in *Wolens* to disallow a federal common law cause of action against an air carrier for recovery of lost goods". The Ninth Circuit bolstered this position further in *Read-Rite v. Burlington Air Express,* 186 F. 3d 1190, 1195 (9th Cir. 1999), by stating "[w]e have previously held that federal common law applies to the carriage contract of an air carrier, holding that the "deregulation of air carriers in 1978 did not change the applicability or substantive content of the relevant federal common law", citing *Deiro v. American Airlines,* 816 F. 3d 1360, 1364 (9th Cir. 1987). The Ninth Circuit has made very clear that the language in *Wolens* was not intended to disallow a federal common law cause of action against an air carrier for recovery of lost goods.

Most district courts that have considered the issue have consistently held that the federal common law applicable to federally certificated air carriers provides a basis for removal on federal question grounds. *Angela Cummings, Inc. v. Purolator Courier Corp.*, 670 F.Supp. 92 (S.D.N.Y. 1987) involved a suit against an air carrier for breach of

12

contract and conversion. As in the instant case, the air carrier removed the case on the basis of federal question jurisdiction. *Id.* The court ruled that "plaintiff may not defeat removal by disguising a federal question as a state cause of action." *Id.* In the present case, Plaintiff is also attempting to disguise a federal question matter as a state cause of action. Finally, the court held that federal common law governs an air carrier's liability for cargo it carries, and that "§1331 confers original jurisdiction upon this court." *Id.* at 94. See also *Commercial Union Ins. Co. v. Emery Air Freight Corp.,* 92 Civ. 6513 (LMM), 1995 U.S. Dist. LEXIS 5140 (S.D.N.Y. 1995)("This action is governed by federal law. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331."); *Associated X-Ray Corp. v. Fed. Express Corp.,* Civ. No. 3:93CV02209 AVC)1994 U.S. Dist. LEXIS 21572 (D. Conn. 1994)("the court may allow removal of the case even though the complaint appears to allege state law claims.").

The Plaintiff cites numerous cases regarding remand, but fails to cite any cases that involve suits filed for lost or damaged air cargo. The Second, Third, Fifth, Seventh and Ninth Circuits have addressed the removal issue and all have held that removal is proper in lawsuits involving air cargo shipments. No Circuit Court has held differently. Consequently, the controlling case law overwhelmingly supports the argument that FedEx Express may remove this case to federal court.

### III.  CONCLUSION

Although Plaintiff cites a number of cases involving removal and the well-pleaded complaint rule, Plaintiff's brief is most notable for its lack of cited cases involving the interstate shipment of goods by truck or by air. The overwhelming weight of authority supports the removal actions of FedEx Ground and FedEx Express.

No matter how Plaintiff tries to disguise their causes of action against FedEx Ground or FedEx Express, the fact remains that the Plaintiff's suit evolves from either a lost interstate trucking shipment or a lost air cargo shipment. FedEx Ground may, by virtue of the complete preemption doctrine, remove this case as long as it meets the $10,000.00 threshold established by 28 U.S.C. §1337(a). Since Plaintiff has alleged a loss of over $20,000.00, the threshold is met.

FedEx Express may remove this case to federal court, as the Seventh Circuit (and others) has explicitly held that claims for lost or damaged goods transported by a common air carrier arise under federal common law and fall within the district court's federal question jurisdiction created by 28 U.S.C. 1331. The weight of legal authority supports this position.

Wherefore, FedEx Ground and FedEx Express both respectfully request that this court deny Plaintiffs Motion to Remand.

                            Respectfully Submitted,

                            ___/s/ Patrick J. Keating_____
                            Patrick J. Keating, Esq. (06211380)
                            Edward C. Eberspacher (6286085)
                            O'Hagan Spencer LLC
                            One East Wacker Drive, Suite 3400
                            Chicago, Illinois  60601

<u>Of Counsel:</u>

Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee   38125

Attorneys for Defendants
FEDERAL EXPRESS CORPORATION,
d/b/a FEDEX EXPRESS and
FEDEX GROUND PACKAGE SYSTEM, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, a copy of foregoing **Response of Federal Express Corporation and Fedex Ground Package System, Inc. in Opposition to Plaintiff's Motion to Remand,** was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

>  Robert A. Clifford
>  Clifford Law Offices
>  120 North LaSalle Street, 31st Floor
>  Chicago, Illinois  60602
>  Telephone: (312) 899-9090



>  ___/s/ Patrick J. Keating_____
>  Patrick J. Keating, Esq.

712550