**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JEROLD S. SOLOVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 07 CV 6721 |
| | ) | JUDGE VIRGINIA M. KENDALL |
| | ) | MAG. JUDGE MARTIN C. ASHMAN |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation | ) | |
| FEDEX CUSTOM CRITICAL, INC., | ) | |
| A Delaware Corporation | ) | |
| FEDEX KINKO'S OFFICE AND | ) | |
| PRINT SERVICES, INC., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORP., | ) | |
| a Delaware Corporation | ) | |
| FEDEX CORPORATE SERVICES, | ) | |
| INC, a Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY BRIEF OF PLAINTIFF JEROLD S. SOLOVY IN SUPPORT OF HIS MOTION FOR REMAND**

Plaintiff JEROLD S. SOLOVY ("Plaintiff"), by his attorneys, CLIFFORD LAW OFFICES, P.C., respectfully submits the following Reply Brief in Support of his Motion for Remand, and states as follows:

In his opening brief, Plaintiff Jerold S. Solovy demonstrated that this court should remand this case back to the Circuit Court of Cook County for three reasons. *First*, Plaintiff's Complaint contains exclusively state common law causes of action which raise no contested or substantial federal issue. *Second*, neither Congress nor the courts ever intended to completely preempt Plaintiff's state

law causes of action. *Third*, neither Congress nor the courts ever expressly or implicitly provided for the removal of Plaintiff's claims.

In reviewing Defendants' response, it should not escape this Court's attention that Defendants are attempting to avail themselves of federal defenses which depend first and foremost on them admitting that their driver accepted Mr. Solovy's package for delivery. Defendants have not made such an admission. Defendants' response brief describes in its first line a "lost shipment *allegedly tendered* to FedEx Ground...."(emphasis added)[1]. Defendants should not be allowed to seek the protection of concepts like "interstate commerce" or "certified air cargo carrier" for purposes of attempting to establish federal jurisdiction when they plan to abandon these notions in favor of discrediting Plaintiff's version of events in favor of their driver who denies receiving the article in the first place and presumably will do so again at the time of trial.

## THE WELL-PLEADED COMPLAINT RULE APPLIES TO THIS CASE

"To determine whether the claim arises under federal law, courts must examine the 'well pleaded' allegations of the complaint and ignore potential defenses." Beneficial National Bank v. Anderson, 539 U.S. 1, 6 (2003). Under this "well-pleaded-complaint" rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

This is precisely the rule that was applied by the court in Hanjin v. Norfolk Southern

---

[1]Prior to the commencement of formal litigation, various representatives of FedEx have repeatedly told Mr. Solovy that they are "standing behind their driver," who claims she left Mr. Solovy's Florida home without the package containing Mr. Solovy's jewelry. See also Exhibit A, first page, second paragraph: "Our records do not reflect that the package was ever tendered to FedEx Ground" and second page, second paragraph "Again, one hundred dollars would be the limit of FedEx Ground's liability even if the package had been tendered to FedEx Ground and had been lost in transit."

Railway, 2007 U.S. Dist. LEXIS 28539 (N.D. Ill. 2007) in the face of arguments that the Carmack

Amendment gave rise to federal question jurisdiction. Defendants have attempted to persuade this

court that Hanjin should be disregarded from its consideration because "the defendants before (Judge

Anderson) had not asserted federal jurisdiction under the Carmack Amendment in their removal

papers, and there is no evidence that Judge Anderson was presented with, or considered, the

extensive body if law, infra finding: removal of Carmack cases appropriate." Defendants' Response

Brief, page 4. This argument is misleading. The basis for Defendants' assumption that Judge

Anderson had not been fully briefed on the Carmack Amendment is faulty. In his written opinion,

Judge Anderson states:

> In response to Hanjin's motion for remand, Norfolk Southern seems to abandon the
> sole basis for removal set forth in its removal petition, or at a minimum fails to
> dispute Hanjin's argument that its contract with Norfolk Southern is not a maritime
> contract. Instead, Norfolk Southern advances a completely new theory and argues
> that Hanjin's claims for indemnification and breach of contract for the rail
> transportation of the property between Long Beach, California and the Midwest are
> governed by the Carmack Amendment and thus removable under 28 U.S.C. §
> 1445(b) and 28 U.S.C. § 1337(b)." Hanjin at 6.

It is clear that Norfolk Southern advanced Carmack Amendment arguments in opposition to

remand just as Defendants have done in the case at bar. In response to those arguments, Judge

Anderson reached the same conclusion that should be reached in this case:

> The existence of a federal question must appear on the face of the plaintiff's
> complaint. Thus, a defendant's assertion of an issue of federal law in the pleadings
> or in the petition for removal does not create a federal question. A plaintiff who has
> both federal and state causes of action may choose to ignore the federal claims and
> pursue the state claims in state court. Hanjin at 6, quoting People of the State of
> Illinois v. Kerr-McGee Chem. Corp., 677 F.2d 571, 575 (7th Cir. 1982).

Judge Anderson addressed defendants' argument and in rejecting them remanded the case

back to state court. He found, like here, that plaintiff's complaint did not raise any issues of federal law.

## THIS CIRCUIT HAS NEVER HELD THAT STATE LAW CAUSES OF ACTION THAT DO NOT RELATE DIRECTLY TO THE INTERSTATE SHIPMENT OF CARGO EITHER BY GROUND OR BY AIR ARE PREEMPTED

In addition to asking this court to ignore a Northern District case directly on point in Hanjin, Defendants' response brief fails to even address the other Northern District opinion cited by Plaintiff. In Ducham v. Reebie Allied Moving & Storage, Inc., 372 F.Supp.2d 1076 (N.D. Ill. 2005), the plaintiff property owner sued the defendant moving company alleging breach of contract, intentional misrepresentation, and violation of the Illinois Consumer Fraud Act after the company allegedly raised a predetermined price for moving the owner's household property after it had the owner's property in its possession.

Citing the Carmack Amendment, the company filed a notice of removal and a motion to dismiss. The court found that the plaintiff's action was not completely preempted by the Carmack Amendment because the plaintiff's claims did not arise in connection with the loss of or damage to his goods, but, rather, arose from the company's alleged extortion of a large added payment from the owner under duress. The court further found that the lack of preemption placed the company's other preemption claims into the category of federal defenses, rather than in the complete preemption category, which was fatal to the company's attempted removal of the plaintiff's action.

Ducham is similar to this case because Plaintiff's claims did not arise in connection with the loss or damage to his goods in interstate commerce, but rather arose from conduct that prevented interstate commerce from occurring.

The United States Court of Appeals for the Seventh Circuit has also weighed in on the issue

4

of preemption of state law claims in the context of air cargo, and held that not all state law claims are excluded.  Treiber & Straub, Inc. v. UPS, 474 F.3d 379.  In analyzing the Supreme Court of the United States' opinion in American Airlines v. Wolens, 513 U.S. 219, 222 (1995), which held that the Airline Deregulation Act of 1978 (ADA) (49 U.S.C. App. § 1305(a)(1)) did not preempt "regular" breach of contract claims against airlines, (except in expressly statutorily-carved out circumstances), the Seventh Circuit concluded that where federal common law is being applied to address only the federal interests of protecting shippers against claims of lost or damaged goods, "there is no reason to assume that federal common law preempts an even wider swath of cases than the ADA."  474 F.2d at 386.

Thus, the court in Treiber opened the door to contract claims (or in this case "tort") that did not relate directly to the federal interest being protected, or were not intended to avoid provisions in contracts specifically governing the federal interest being protected.  Id.  Treiber left room on the field of preemption, claims like the ones being made by Plaintiff in this case that neither defeat nor contradict the federal interests being protected.  Plaintiff's claims are not merely a subset of the possible reasons an interstate shipment can become lost as Defendants argue in their response. Defendants' Response Brief, page 11.  The conduct alleged here has nothing to do with the loss of goods during interstate shipment.

Plaintiff's claims relate specifically to conduct that falls outside the ambit of the "federal interest" at issue.  The court's analysis in Treiber applies with equal force to cases arising under the Carmack Amendment because the federal interest being protected is the same.  ("In this case, the federal interest is the same as the one that underlies the Carmack Amendment for ground carriers -- a need for uniformity in interstate shipping and commerce."  Id. at 383).

5

The Seventh Circuit's decision in <u>Treiber</u> is consistent with its holding only four months later in <u>Bennett v. Southwest Airlines</u>, 484 F.3d 907 (7th Cir. 2007). <u>Bennett</u> involved the unsuccessful landing of a Southwest airplane at Midway Airport in Chicago resulting in injury to 12 people on the ground and the death of a child who was a passenger in a car crushed by the airplane. Defendants (Southwest Airlines and Boeing) removed plaintiffs' state law cases which were based on state law causes of action on the theory that plaintiffs' claims arose out of federal law. Although the defendants in <u>Bennett</u> abandoned on appeal their argument that federal law occupies the field of aviation safety and thus "completely preempts" all state law, they did argue that because federal law (federal aviation standards) would play a major role in determining Plaintiffs' claims of negligence, a removable federal interest was created.

In rejecting defendants' argument that a "removable" federal interest was created, the Seventh Circuit in <u>Bennett</u> found that the resolution of the suit did not revolve around any particular disputed issue of federal law, even though defendants in <u>Bennett</u>, and the district court in that case also found, that federal law played a dominant role in air transportation; and that Illinois tort law would supply the claims for relief, and in reaching the issue of whether plaintiffs in that case were entitled to any relief under those state claims, the meaning of federal statutes and regulations would play little or no role. <u>Id</u>. at 909. This same analysis can be applied to the instant case because no particular disputed issue of federal law is at issue, Illinois tort law provides this Plaintiff a remedy and the meaning of any federal law in determining that liability is not an issue.

The Court concluded in <u>Bennett</u> that a federal issue, even an important one, usually is insufficient for Section 1331 jurisdiction. It held that although uniformity in the application of federal law regarding aviation safety may be desirable, and uniform standards of care may come from

6

federal law, that does not make the tort claim one "arising under" federal law.  Id. at 912.

Like here, defendants' overly-broad arguments that all claims relating to the shipment of goods are completely preempted and create a removable interest even when the facts alleged conduct before the goods were even placed for shipment, must be rejected.  The Bennett court warned that: "[O]ne should be wary of uniformity-based arguments articulated at a high-level of generality."  Id. at 911.

The Supreme Court of the United States in Empire Healthchoice Association v. McVeigh, 126 S.Ct. 2121, 2137 (2006), held that:  "It takes more than a federal element to open the 'arising under' door."  The Seventh Circuit in Treiber left that door ajar for precisely the type of claims that Plaintiffs are raising in this case.

**DEFENDANTS CANNOT ESTABLISH THAT THIS CASE RAISES ANY CONTESTED OR SUBSTANTIAL FEDERAL ISSUE UNDER EITHER THE CARMACK AMENDMENT OR FEDERAL COMMON LAW**

Defendants contend that federal jurisdiction exists in this case because they are common carriers subject either to the Carmack Amendment or federal common law, which governs the shipment of goods in interstate commerce.  But this case does not now and has not ever involved a shipment of goods or interstate commerce.  This case involves the theft of Plaintiff's property before entering interstate commerce.  Further, Defendants were never paid to ship Plaintiff's jewelry, which makes "commerce" as much of a misnomer as "interstate" under the facts of this case.  Defendants have essentially argued that because Plaintiff had intended that the Defendants ship his necklace interstate rather than steal it, any claims Plaintiff may have related to the theft are completely preempted.  Defendants cite a series of factually distinguishable cases, all but one of which is from outside the Seventh Circuit.

7

First, Defendants cite <u>Woods v. Unigroup</u>, 945 F.Supp. 1255 (E.D. Mo. 1996) in support of their position. In <u>Woods</u>, plaintiff alleged that defendant failed to exercise due care in transporting plaintiffs' personal belongings from Kansas to Indiana. There was no question in <u>Woods</u> that plaintiff's goods were shipped interstate. Under these facts, the court held that Plaintiffs' claims were preempted by the Carmack Amendment. In the case at bar, Defendants have denied ever accepting possession of Plaintiff's package for delivery, let alone shipping it interstate.

Each of the other cases cited by Defendant involve a situation where there was no question that the defendant had actually shipped the goods in question: <u>Hall v. North American Van Lines, Inc.</u>, 476 F.3d 683 (9th Cir. 2007) (undisputed that plaintiff's goods were shipped from California to Montana); <u>Hoskins v. Bekins Van Lines</u>, 343 F.3d 769 (5th Dist. 2003) (undisputed that plaintiff's goods were shipped from Texas to Virginia); <u>York v. Day Transfer Co.</u>, 2007 U.S. Dist. LEXIS 86351 (D. R.I. 2007) (undisputed that plaintiff's goods were shipped from Texas to Rhode Island); <u>Solectron United States, Inc. v. FedEx Ground</u>, 2007 U.S. Dist. LEXIS 77333 (W.D. Tenn. 2007) (undisputed that Plaintiff's goods were stolen *after* interstate shipment had commenced); <u>Andrews v. Atlas Van Lines, Inc.</u>, 504 F.Supp.2d 1329 (Ga. 2007) (undisputed that plaintiff's goods were shipped from Louisiana to Georgia).

A far more analogous case to the case at bar than any case cited by Defendants is <u>Clark v. Messer Industries, Inc., 475 S.E.2d 653 (Ga. App. 1996)</u>. In <u>Clark</u>, a shipper sued a common motor carrier for breach of contract and conversion, alleging that the carrier refused to deliver the shipper's various goods to the shipper's customer in accordance with the bill of lading, or to return the goods to the shipper, because of unpaid shipping charges incurred by the shipper's customer in prior unrelated transactions. The <u>Clark</u> court found that the Carmack Amendment did not preempt the

8

shipper's breach of contract and conversion claims against the carrier, since the shipper was not suing the carrier for lost or damaged goods, but for wrongful retention of goods and for breach of the contract that the carrier allegedly entered into with the shipper without any intent to perform. The court held that the Carmack Amendment only preempted state law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading, but that it did not preempt state law remedies where, as here, "the shipper is not suing the carrier for lost or damaged goods but for a wrongful retention of the goods and for breach of a contract which the carrier allegedly entered into with the shipper without any intent to perform." Id. at 655.

Another case which is far more factually analogous to the case at bar than the cases cited by Defendant is Counter v. United Van Lines, Inc., 935 F.Supp. 505 (Vt. 1996). In Counter the plaintiff movers alleged they were damaged because the moving company changed the charges for the move on the moving day, they could not afford the additional charges, and they subsequently were unable to close on the sale of their home or purchase of the intended home. The movers brought claims for fraud, consumer fraud under Vt. Stat. Ann. § 2451a(c), intentional infliction of emotional distress, negligent misrepresentation, and breach of contract. The trial court had granted the removal to the court on the grounds that the Carmack Amendment preempted the movers' state law claims. The court found that the Carmack Amendment did not preempt the movers' state law claims because the movers were prospective shippers and the moving company did not issue a bill of lading and never shipped any goods. The damages were not for loss or injury to the property itself and the property was never transported. Observing that under the well-pleaded complaint rule, federal question jurisdiction existed only if the facts on the complaint revealed an issue of federal law, the court granted the remand motion.

9

Finally, in <u>Ben & Jerry's Homeade, Inc. v. KLLM, Inc.</u>, 58 F.Supp. 315 (Vt. 1999), after defendant removed plaintiff's breach of contract and negligence action, which alleged that defendant's failure to maintain the proper temperature in its delivery trucks caused the loss of thousands of pounds of plaintiff's ice cream, plaintiff sought to remand the case to state court. Plaintiff contended that removal was improper, asserting that the Carmack Amendment, 49 U.S.C.S. § 14706, did not completely preempt its state law claims. Defendant moved to dismiss for failure to state a claim upon which relief could be granted. The court granted plaintiff's motion to remand, and denied defendant's motion to dismiss as moot. The court ruled that, while defendant could ultimately prove that plaintiff's claims were preempted under the Carmack Amendment, that did not establish that plaintiff "artfully pled" a federal case in terms of state law. The court reasoned that, because Congress did not clearly manifest an intent to make any action involving carrier liability removable to federal court, and because the Carmack Amendment provided that a civil action could be brought in state or federal district court, plaintiff's claims were not completely pre-empted, and therefore removal was improper.

These cases illustrate that where the conduct alleged in the complaint does not relate to the federal interest–uniformity of claims involving interstate shipment–then the courts allow plaintiffs' state law causes of action to proceed in the plaintiff's chosen forum.

## CONCLUSION

For all of the foregoing reasons and those stated in his opening brief, Plaintiff Jerold S. Solovy respectfully requests that the Court grant his motion and remand this case to the Circuit Court of Cook County, Illinois, and award Plaintiff costs and attorney fees under 28 U.S.C. § 1447(c), and any other relief the Court deems necessary.

Respectfully submitted,

s/
Robert A. Clifford
Brian S. Shallcross
Clifford Law Offices, P.C.
Attorneys for Plaintiff
120 North LaSalle Street
Suite 3100
Chicago, Illinois 60602
ARDC No:   00461849
Telephone:  (312) 899-9090
Fax: (312) 251-1160
E-mail: bss@cliffordlaw.com