# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JEROLD S. SOLOVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 07 CV 6721 |
| | ) | JUDGE VIRGINIA M. KENDALL |
| | ) | MAG. JUDGE MARTIN C. ASHMAN |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware | ) | |
| Corporation, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF JEROLD S. SOLOVY'S MOTION TO RECONSIDER

Plaintiff JEROLD S. SOLOVY ("Plaintiff"), respectfully submits this Motion to Reconsider, and in support thereof, states as follows:

On January 24, 2008, this Court denied Plaintiff's Motion to Remand this case to the Circuit Court of Cook County, Illinois, citing Treiber & Straub, Inc. v. UPS, 474 F.3d 379 (7th Cir. 2007) and holding that Plaintiff's claims arose exclusively under federal common law. Following brief oral argument, the Court granted Plaintiff leave to file the instant Motion to Reconsider.

## THIS CASE DOES NOT INVOLVE A "SHIPMENT"

A motion to reconsider must rely on newly discovered material evidence or a manifest error of law or fact. Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). This Court's application of Treiber represents a manifest error of both law and fact. This lawsuit does not involve the shipment of goods by either ground or air. This Court has held that Plaintiff's claims are controlled by the federal common law applicable to air cargo carriers because, according to his own Complaint, Plaintiff filled out an air bill and tendered his property to the Defendants' agent. Plaintiff recognizes that the air bill is relevant for purposes of establishing his

intent that FedEx's agent accept his property for delivery—rather than steal it and then deny ever leaving his home with it. Yet there is no authority in the Seventh Circuit or elsewhere that supports the proposition that the Plaintiff's intent is the paramount consideration in deciding whether federal jurisdiction exists. Plaintiff respectfully suggests that the proper focal point in analyzing the jurisdictional issues in this case should not be the Plaintiff's subverted intent, but rather the tortious conduct of Defendants' agent that prevented and usurped any interstate shipment from occurring and as such renders federal jurisdiction impossible in this case.

## TREIBER DOES NOT MANDATE FEDERAL JURISDICTION IN THIS CASE

This Court has found that the proposition in Treiber & Straub, Inc. v. UPS, 474 F.3d 379 (7th Cir. 2007) that "a claim for lost or damaged goods transported by a common air carrier arises under federal common law and thus falls within the district court's federal question jurisdiction" is applicable to this case. Treiber at 384. This application of Treiber is in error. Plaintiff has not alleged that his property was "lost" or that his property was "damaged." Beyond that, Plaintiff's property was never "transported." Instead, Plaintiff alleges that Defendants' agent converted Plaintiff's property before it was ever shipped. This Court has accepted the position that "conversion" is merely a subset of the possible reasons an interstate shipment can become "lost." There is no legal basis for this proposition, and it simply defies common sense. One need only refer to any English language dictionary to see that "lost" does not mean "stolen."

Moreover, Treiber is factually and legally distinguishable from the case at bar in the critical sense that, in that case, UPS admitted that it took possession of plaintiff's package and subsequently lost it. Id. at 382. In the case at bar, Defendants have repeatedly represented to the Plaintiff prior to the filing of this suit that they are standing by their driver's claims that she never left the

Plaintiff's home with the box containing his jewelry. See FedEx letter dated May 24, 2007, attached as **Exhibit A**. Now in an attempt to avail themselves of federal jurisdiction, Defendants suddenly take no position on whether they believe their driver or not. This is evident in their answer to paragraph 20 of Plaintiff's Complaint:

20.  On or after February 9, 2007, Defendant FEDEX, through its agents, apparent agents, employees and representatives, wrongfully and intentionally converted Plaintiff's personal property and refused and failed to return the property

Defendants' Answer:

20.  FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 20.

By responding this way, Defendants have changed their tune in an attempt to keep their jurisdictional options open while knowing that they have fully investigated Mr. Solovy's claims and have taken a clear position on the issue.[1] They conveniently characterize this as a "lost shipment" or alternatively suggest that "stolen" and "lost" are the same when this Court considers the applicability of federal common law. At the end of the day, it cannot be the said that both Mr. Solovy and the FedEx driver are both telling the truth. If one believes the FedEx driver, then the box containing Mr. Solovy's jewelry never left his home in Naples, Florida. By contrast, if one believes Mr. Solovy, the package never left the personal possession of the FedEx employee. Under either scenario, Mr. Solovy's jewelry could not have entered interstate commerce. This Court should not reward Defendants for pretending not to know what their position is on the facts by denying Mr. Solovy's right to have his state law tort claims heard by a state court jury. Likewise,

---

[1] See e-mail of FedEx employee Rodney Smith attached as **Exhibit B**, wherein Mr. Smith states: "I spoke with our terminal manager Matthew J. Long Sr. down in Florida and he spoke with the driver directly and she once again stated she refused Mr. Solovy's package...."

this Court should have rejected Defendants' attempt to lump this *sui generis* case in with their run-of-the mill lost mail cases when it is entirely distinguishable.

Equally true, a plain reading of Treiber reveals that not all state law claims are preempted. The Seventh Circuit relied upon the Supreme Court of the United States' decision in American Airlines v. Wolens, 513 U.S. 219, 222 (1995), which held that the Airline Deregulation Act of 1978 (ADA) (49 U.S.C. App. § 1305(a)(1)) did not preempt "regular" breach of contract claims against airlines, (except in expressly statutorily-carved out circumstances), concluding that where federal common law is being applied to address only the federal interests of protecting shippers against claims of lost or damaged goods while in interstate commerce, "there is no reason to assume that federal common law preempts an even wider swath of cases than the ADA." Id. at at 386.

This reading of the Seventh Circuit's decision in Treiber was further butressed by its holding only four months later in Bennett v. Southwest Airlines, 484 F.3d 907 (7th Cir. 2007). Bennett involved the errant landing of an airplane at Midway Airport resulting in injury and death to mulitple people on the ground. Defendants removed plaintiffs' state law cases which were based on state law causes of action arguing that plaintiffs' claims arose out of federal law. The Seventh Circuit found that the case did not revolve around any particular disputed issue of federal law, even though the district court in that case found that federal law played a dominant role in air transportation; and that Illinois tort law would supply the claims for relief, and in reaching the issue of whether plaintiffs in that case were entitled to any relief under those state claims, the meaning of federal statutes and regulations would play little or no role. Id. at 909. This same analysis can be applied to the instant case because no particular disputed issue of federal law is at issue. Illinois tort law provides this Plaintiff a remedy and the meaning of any federal law in determining that liability is not an issue.

Here the holding that all claims relating to the shipment of goods are completely preempted and create a removable interest even when the alleged conduct occurred before the goods were even placed for shipment, is in error. The Bennett court warned that: "[O]ne should be wary of uniformity-based arguments articulated at a high-level of generality." Id. at 911.

At its core, this is a very simple case that does not arise under federal law. Plaintiff has pled state law causes of action. Under the "well-pleaded-complaint" rule, federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). There is no such question on the face of Plaintiff's complaint. Any federal issue raised in this litigation is properly put in the category of federal defenses, which is not enough to establish federal jurisdiction.

## CONCLUSION

For all of the foregoing reasons and those stated in his Motion for Remand, Plaintiff Jerold S. Solovy respectfully requests that this Court vacate its order denying his Motion for Remand and remand this case to the Circuit Court of Cook County, Illinois, and award Plaintiff costs and attorney fees under 28 U.S.C. § 1447(c), and any other relief the Court deems necessary.

Respectfully submitted,

s/
Robert A. Clifford
Brian S. Shallcross
Clifford Law Offices, P.C.
Attorneys for Plaintiff
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 899-9090
E-mail: bss@cliffordlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 31, 2008, I electronically filed MOTION TO RECONSIDER with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following: Patrick J. Keating, O'Hagan Spencer LLC, 55 W Wacker Drive, Suite 1400, Chicago, Illinois 60601; Edward C. Eberspacher, O'Hagan Spencer LLC, 55 W Wacker Drive, Suite 1400, Chicago, Illinois 60601, and hereby certify that on December 19, 2007, I mailed by United States Postal Service, the document(s) to the following non-registered participants: Thomas W. Murrey, Jr., Federal Express Corporation, 3620 Hacks Cross Road, Building B, Third Floor, Memphis, Tennessee 38125.

      Respectfully submitted,

By: /s/ Brian S. Shallcross
   Robert A. Clifford
   Brian S. Shallcross
   Clifford Law Offices, P.C.
   120 N LaSalle Street
   Suite 3100
   Chicago, Illinois 60602
   (312) 899-9090 Phone
   (312) 251-1160 Fax
   bss@ cliffordlaw.com