# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6721 | **DATE** | 2/5/2008 |
| **CASE TITLE** | \multicolumn{3}{l\|}{Solovy et al vs. Federal Express Corporation et al} |

**DOCKET ENTRY TEXT**

For the reasons stated herein, Plaintiff's Motion to Reconsider [22] is denied. Defendants need not file a responsive pleading to said Motion. Status hearing set for Wednesday, 2/13/2008 at 9:00 AM.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Jerold Solovy ("Solovy") initially filed suit against FedEx Ground Package System, Inc. ("FedEx Ground"), Federal Express Corporation ("FedEx Express"), FedEx Custom Critical, Inc., FedEx Kinko's Office and Print Services, Inc., FedEx Corporation, and FedEx Corporate Services, Inc. (collectively "FedEx") in the Circuit Court of Cook County, Illinois. FedEx's notice of removal claimed, among other things, the existence of a federal subject matter jurisdiction under federal common law and 28 U.S.C. § 1331 as well as 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. § 1337. In response, Solovy filed a Motion to Remand the matter to the Circuit Court of Cook County, Illinois, which the Court denied.

The current Action arises out of Solovy's attempt to ship a necklace from Florida to Illinois via FedEx, a nationwide parcel delivery service. According to Plaintiff's allegations, on February 9, 2007, Solovy placed the necklace in a FedEx box, filled out an "air bill" with a corresponding FedEx tracking number, and contacted FedEx for the purposes of picking up two packages destined for Chicago - one containing the necklace (the "necklace package" or "necklace") and another containing items to be delivered to a Polo store (the "Polo store package"). According to Plaintiff's allegations again, FedEx, through it agent, apparent agent, employee, and representative, arrived at Solovy's residence, expressly agreed to accept the necklace package and cause it to be delivered to Chicago. Subsequently, FedEx delivered the Polo store package to its correct location, but failed to deliver the necklace package. As a result, Solovy filed the current Action, alleging the following nine claims: (1) breach of bailment agreement; (2) conversion; (3) fraudulent misrepresentation; (4) negligent misrepresentation; (5) negligent hiring; (6) negligent supervision; (7) negligent retention; (8) negligence; and (9) mischance.

In its initial Notice of Removal and subsequent response to Solovy's Motion for Remand, FedEx Express and FedEx Ground argued that this Action was properly removed to federal court pursuant to 28 U.S.C. § 1441.[1] Specifically, FedEx Express and FedEx Ground asserted that, to the extent that FedEx Express was involved with

**STATEMENT**

the shipment at issue, this Court has jurisdiction under federal common law. Similarly, to the extent that FedEx Ground was involved with the shipment, the defendants contend that this Court has jurisdiction by reason of the Carmack Amendment. Relying on *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379 (7th Cir. 2007), the Court agreed with the former argument and concluded that removal to federal court was proper under federal common law and 28 U.S.C. § 1331.

Now before the Court is Solovy's Motion to Reconsider the Court's previous denial of Solovy's Motion for Remand. A motion for reconsideration is appropriate when filed on the basis of newly discovered material evidence or a manifest error of law or fact. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). The Seventh Circuit defines "manifest error" as "'wholesale disregard, misapplication, or failure to recognize controlling precedent'" on the part of the court. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (*quoting Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). In this case, Solovy argues that the Court's previous reliance on *Treiber* represents a manifest error of law and fact because: (1) the Court incorrectly interpreted and applied *Treiber* to the present case and (2) Solovy's claims are factually distinguishable from *Treiber*. For the reasons set forth below, the Court concludes that its previous denial of Solovy's Motion for Remand does not represent a manifest error of law or fact.

With respect to the first argument, Solovy contends that this Court incorrectly interpreted and applied *Treiber* to the current Action by holding that federal common law "completely preempted" Solovy's claims and "created a removable interest." Solovy misinterprets the Court's previous ruling. As explained by the Court during a January 24, 2008 hearing regarding the Motion for Remand, the Court does not interpret the Seventh Circuit's decision in *Treiber* as standing for the proposition that federal common law completely preempts all state law claims for lost or damaged goods transported by air, nor did the Court base its conclusion on the complete preemption doctrine. Rather, this Court concluded that, to the extent that Solovy's claims relate to lost goods transported by a common air carrier, those claims arise under federal common law and, therefore, fall within the Court's federal question jurisdiction. In making this determination, the Court found instructive the Fifth Circuit's decision in *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922 (5th Cir. 1997) and the Seventh Circuit's recent holding in *Treiber & Straub, Inc. v. United Parcel Serv.*, 474 F.3d 379.

In *Sam L. Majors*, the plaintiff initially filed suit in state court alleging, among other things, negligence on the part of the defendant air in conjunction with the defendant's loss of or damage to plaintiff's shipments. 117 F.3d at 923-24. The defendant then removed the action to federal court, asserting that the suit was governed by federal law. *Id.* at 924. Before determining whether removal to federal court was proper, the Fifth Circuit explained that any one of the following three theories would support removal and federal question jurisdiction: (1) the complaint raises an express or implied cause of action that exists under a federal statute; (2) an area of law is completely preempted by the federal regulatory regime; or (3) the cause of action arises under federal common law principles. *Id.* at 925. After offering an extensive analysis regarding the history of federal common law liability of common carriers and the regulation and deregulation of air carriers, the Fifth Circuit concluded that claims for lost or damaged goods transported by an air carrier arise under federal common law. *Id.* at 925-29. Because plaintiff's negligence claim related to a common air carrier's loss of or damage to plaintiff's shipments, the court concluded that the negligence claim arose under federal common law. *Id.* Thus, the defendant properly removed the suit to federal court. *Id.* at 929.

Subsequently, in *Treiber*, the Seventh Circuit relied on the Fifth Circuit's decision in *Sam L. Majors* when evaluating whether it retained federal question jurisdiction over a federal common law claim against a common air carrier for lost or damaged goods. After noting that several other circuits had already concluded that such claims arise under federal common law, and highlighting the analysis set forth in *Sam L. Majors*, the Seventh Circuit joined the Fifth Circuit by holding that "a claim for lost or damaged goods transported by a common air

**STATEMENT**

carrier arises under federal common law and thus falls within the district court's federal question jurisdiction." *Treiber*, 474 F.3d at 384.

As highlighted by *Sam L. Majors* and *Treiber*, this Court's power to exercise federal question jurisdiction over the current suit flows from principles of federal common law, not from the complete preemption doctrine. Thus, to the extent that Solovy asserts "claim[s] for lost or damaged goods transported by a common air carrier," this Court did not misapply *Treiber* by concluding that such claims arise under federal common law and fall within this Court's federal question jurisdiction.[2]

Solovy further contends that the Court committed a manifest error by denying his Motion for Remand because Solovy's allegations concern only the conversion of Solovy's property rather than the shipment and loss of property. Unfortunately for Plaintiff, those are not the only allegations pleaded in his complaint. To determine the presence or absence of federal question jurisdiction, the Court generally looks no further than the allegations contained in the plaintiff's "well-pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). As the Court previously concluded, Solovy's general and claim-specific allegations bring this Action within the ambit of federal question jurisdiction. For instance, Solovy alleges that he filled out an air bill with a corresponding FedEx tracking number so his package could be shipped from Florida to Illinois. He further alleges that, despite the express agreement from a FedEx agent, apparent agent, employee and representative to accept the necklace package and cause it to be delivered to Chicago, FedEx failed to return or deliver the necklace package. With respect to Solovy's negligence claim (Count VIII), Solovy also alleges that FedEx breached its duty by failing to deliver the package, properly track the package, return the package, and "notify the Plaintiff that his package was lost, misplaced, and/or misdelivered." Noticeably absent from the negligence claim is any allegation related to conversion or theft of the necklace. Instead, Solovy frames the negligence cause of action as a claim for lost goods transported by an air carrier. In light of such allegations, the Court concludes that, at a minimum, Count VIII of Solovy's well-pleaded complaint arises under federal common law and falls within this Court's federal question jurisdiction.[3] *See Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); *see also Sam L. Majors*, 117 F.3d at 925-29; *W. Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (removal proper where suit was governed by federal common law and thus arose under federal law for the purposes of 28 U.S.C. § 1331).

The Court further notes that, to the extent that this Action involves FedEx Ground, removal from state court was likely proper under the Carmack Amendment, 28 U.S.C. § 1337(a),[4] and the complete preemption doctrine.[5] The Carmack Amendment governs the liability of common carriers to shippers for loss of, or damage to, interstate shipments.[6] *N. Am. Van Lines, Inc. v. Pinkerton Sec. Sys., Inc.*, 89 F.3d 452, 455 (7th Cir. 1996). Because the purpose of the Carmack Amendment is to establish uniform federal guidelines to reduce uncertainty in connection with a carrier's liability, it has a broad preemptive scope over state and common law claims arising out of interstate shipments. *Hughes v. United Van Lines, Inc.,* 829 F.2d 1407, 1415 (7th Cir. 1987). The Supreme Court, when addressing this preemptive scope, noted that "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-06, 33 S. Ct. 148, 57 L. Ed. 314 (1913). Several courts, including the Ninth and Fifth Circuits, have since concluded that the Carmack Amendment completely preempts state law claims. *See, e.g., Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007); *Hoskins v. Bekins Van Lines,* 343 F.3d 769, 777 (5th Cir. 2003); *Ducham v. Reebie Allied Moving & Storage, Inc.*, 372 F. Supp. 2d 1076, 1079 (N.D. Ill. 2005); *Woods v. Unigroup*, 945 F. Supp. 1255 (E.D. Mo. 1996). While the Seventh Circuit has yet to expressly address whether the statute completely preempts state law, it has recognized that the statute ordinarily preempts "all state or common law remedies available to a shipper against a carrier for loss or damage to interstate shipment," *N. Am. Van Lines*, 89 F.3d at 456, and that the purpose of the statute is to establish

**STATEMENT**

uniformity, *Hughes,* 829 F.2d at 1415. In light of the purpose of the Carmack Amendment and the Seventh Circuit's recognition of its purpose and preemptive effect, the Court would be inclined to adopt the reasoning employed by the Fifth and Ninth Circuits and conclude that the Carmack Amendment completely preempts state law. Nevertheless, the Court need not make such a determination at this time because, as previously noted, FedEx properly removed this Action under federal common law and 28 U.S.C. § 1331.

Because Solovy asserts a claim for lost or damaged goods transported by a common air carrier, the Court concludes that it did not commit a manifest error of law or fact by denying Solovy's Motion for Remand. Further, to the extent that federal common law establishes the Court's original jurisdiction, the Court also has the power to exercise supplemental jurisdiction over Solovy's state law claims under 28 U.S.C. § 1367(a). The state law claims are so related to the federal claims that they form part of the same case or controversy under Article III for the purposes of supplemental jurisdiction. 28 U.S.C. § 1367(a). Accordingly, Plaintiff's Motion to Reconsider is denied. Defendants need not file a responsive pleading to the Motion to Reconsider.

1. Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally.

2. The parties do not contest that FedEx Express's status as an air carrier, nor does the Court find any reason to do so.

3. Solovy also argues that *Treiber* does not apply to the current Action because, in the present case, FedEx initially denied that a FedEx driver accepted Solovy's necklace package in a letter to Solovy and subsequently stated that they were without knowledge or information sufficient to answer Solovy's allegation in Count II that FedEx converted Solovy's property. As noted above, courts generally look no further than the allegations contained in the plaintiff's "well-pleaded complaint" to determine the presence or absence of federal question jurisdiction. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987). A case will not be removed to federal court on the basis of a federal defense. *Id.* at 393. Because the Court must focus on Solovy's allegations, FedEx's denial or failure to admit that it took possession of the necklace package is irrelevant to the current analysis. As noted by the Court in its January 24, 2008 ruling and again in the current order, Solovy's allegations state a claim for lost goods transported by a common air carrier and, therefore, falls within the Court's federal question jurisdiction.

4. Under 28 U.S.C. § 1337(a), original jurisdiction exists for any civil action brought pursuant to the Carmack Amendment "only if the matter in controversy for each receipt or bill of lading exceeds $ 10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

5. Under the complete preemption doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. *Caterpillar, Inc.,* 482 U.S. at 392. "Once an area of state law has been completely pre-empted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim" that arises under federal law. *Id.*

6. The parties do not contest that FedEx Ground's status as a common carrier subject to the Carmack Amendment, nor does the Court find any reason to do so.