**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JEROLD S. SOLOVY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 CV 6721 |
| | ) | JUDGE VIRGINIA M. KENDALL |
| | ) | MAG. JUDGE MARTIN C. ASHMAN |
| FEDEX GROUND PACKAGE | ) | |
| SYSTEM INC., a Delaware Corporation | ) | |
| and | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| a Delaware Corporation | ) | |
| | ) | |
| Defendant. | ) | |

**SECOND AMENDED COMPLAINT AT LAW**

Plaintiff, JEROLD S. SOLOVY, by his attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, FEDEX GROUND PACKAGE SYSTEMS INC., and FEDERAL EXPRESS CORPORATION, (hereinafter collectively referred to as "FEDEX") states as follows:

**GENERAL ALLEGATIONS**

1.  At all times relevant, Plaintiff JEROLD S. SOLOVY (hereinafter "Plaintiff") was and is a resident of the City of Chicago, County of Cook and State of Illinois.

2.  Defendant FEDEX is a nationwide parcel delivery service that engages in the business of picking up and delivering packages in the City of Chicago, County of Cook and State of Illinois.

3.  On December 21, 2006, Plaintiff bought a diamond necklace from Sidney Garber

Fine Jewelry, located at 118 East Delaware Place, Chicago, Illinois, 60611.

4. On February 9, 2007, Plaintiff was temporarily residing at his secondary residence located at 9912 Brassie Bend, Naples, Florida.

5. On February 9, 2007 Plaintiff had two items he wanted to have delivered. The first item was a pair of shoes Plaintiff intended to have delivered to the Polo Store in Chicago, and the second was the aforementioned diamond necklace which was intended for delivery to Sidney Garber Fine Jewelry in the City of Chicago, County of Cook and State of Illinois.

6. On or before February 9, 2007, the Polo Store contacted FEDEX for the purposes of picking up the shoes from Plaintiff and delivering them to the Polo Store's location in the City of Chicago, County of Cook and the State of Illinois.

7. On February 9, 2007, Plaintiff placed the aforesaid necklace in an 8 x 10 box and filled out an air bill with a corresponding FedEx tracking number of 8448 4685 5804 or 8448 4685 5806 so that it could be shipped back to Sidney Garber Fine Jewelry in the City of Chicago, County of Cook and State of Illinois.

8. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, arrived at Plaintiff's residence in Naples, Florida, and indicated initially that she would only accept the box intended for delivery to the Polo Store in Chicago, and that she would not accept the box containing the Plaintiff's necklace.

9. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, initially told Plaintiff that Plaintiff would have to take the box containing the necklace to a FEDEX KINKO's store himself in order to have it delivered because she had been disciplined in the past for taking packages associated with air delivery as opposed to ground

delivery.

10. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, after having initially declined to accept the box containing the necklace for delivery, then expressly agreed that she would in fact accept the box containing the necklace because she went by Federal Express boxes all the time.

11. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative in no way disclaimed her status as a FEDEX employee, agent, apparent agent and/or representative or otherwise indicated that by taking the box containing the necklace to a Federal Express box she would be acting outside the scope of her employment.

12. On February 9, 2007, Plaintiff gave the box containing the Plaintiff's necklace along with the aforementioned airbill to FEDEX's employee, agent, apparent agent, and/or representative in reliance on her representation that she would take it to a Federal Express box, which would then initiate delivery of the box containing the necklace to Chicago.

13. On February 9, 2007, when taking the box containing Plaintiff's necklace and corresponding airbill, FEDEX's employee, agent, apparent agent, and/or representative did not leave a copy of the airbill with the Plaintiff.

14. On February 9, 2007, the necklace was in good condition when the Plaintiff tendered it to FEDEX's employee, agent, apparent agent, and/or representative for purposes of taking it to a Federal Express box.

15. FEDEX delivered Plaintiff's shoes to its correct destination, the Polo store in Chicago; however, at no time did FEDEX, through its employees, agents, apparent agents and/or representatives take the box containing Plaintiff's necklace to a Federal Express box.

16.     Subsequent to February 9, 2007, FEDEX has represented to Plaintiff that it expressly denies that it or any of its employees, agents, apparent agents, and/or representatives ever took possession of the box containing Plaintiff's necklace for purposes of delivery or otherwise, and as such expressly deny that FEDEX ever caused the necklace to enter interstate commerce.

17.     Subsequent to February 9, 2007, FEDEX has represented to Plaintiff that its employee, agent, apparent agent and/or representative claims she left Plaintiff's Naples home with only the box containing the shoes and without the box containing Plaintiff's necklace, and that FEDEX has adopted the position of its employee, agent, apparent agent and/or representative , and as such expressly deny that FEDEX ever caused the necklace to enter interstate commerce.

18.     FEDEX never caused Plaintiff's necklace to enter interstate commerce on or after February 9, 2007.

## COUNT I - CONVERSION

19.     Plaintiff incorporates by reference paragraphs 1 through 18 as though set forth at length herein.

20.     From December 21, 2006 continuing through to the present, Plaintiff is the rightful owner by law of the aforementioned necklace.

21.     On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, intentionally exercised dominion and control over the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own personal property, the property being the Plaintiff's necklace.

22.     On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, had a duty to refrain from intentionally exercising dominion and control over

the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own personal property, the property being the necklace.

23. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, assumed wrongful and unauthorized control over the Plaintiff's necklace when it failed to take it to a Federal Express box.

24. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, wrongfully and intentionally converted Plaintiff's personal property and refused and failed to return the property to Plaintiff.

25. On and after February 9, 2007, Plaintiff was the rightful and legal owner of the necklace and retains the absolute and unconditional right to immediate possession of the property.

26. Since February 9, 2007 Plaintiff, by himself or through his agents, has contacted FEDEX and repeatedly inquired about the location of the necklace that he gave FEDEX, and on numerous occasions demanded that his necklace be returned.

27. As a direct and proximate result of one or more of the aforesaid intentional, willful, and wanton acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary and punitive nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendants, FEDEX GROUND PACKAGE SYSTEMS INC., and FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and punitive damages.

## COUNT II - FRAUDULENT MISREPRESENTATION

28. Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 27

as though set forth at length herein.

29.     On February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and/or representatives, concealed a material fact, to wit, that it was not going to take the box containing Plaintiff's necklace to a Federal Express box, not withstanding its representation to Plaintiff that it would take the box containing Plaintiff's necklace to a Federal Express box in Florida so that delivery of the box to Chicago would be initiated.

30.     On February 9, 2007, FEDEX, through its agents, apparent agents, employees and/or representatives, concealed a material fact, to wit, that it was not going to take the box containing Plaintiff's necklace to Federal Express box in Florida, and that it intended to induce the Plaintiff to falsely believe that the box containing his necklace was going to be taken to a Federal Express box in Florida as was promised by FEDEX, through its agents, apparent agents, employees and/or representatives.

31.     On February 9, 2007, Plaintiff could not have discovered the truth through a reasonable inquiry that FEDEX, through its agents, apparent agents, employees and/or representatives, was making misrepresentations to him, because in the course of ordinary business, it appeared that FEDEX, through its agents, apparent agents, employees and/or representatives, was conducting business as usual, and as is publicly known.

32.     On February 9, 2007, if Plaintiff had been aware and had known that the box containing his necklace was not going to be taken to a Federal Express box by FEDEX's agent, apparent agent, employee and/or representative, he would have never tendered the box containing Plaintiff's necklace to FEDEX's agent, apparent agent, employee and/or representative.

33.     At all times relevant to this cause of action, FEDEX, through its agents, apparent

agents, employees and/or representatives, misrepresented itself to Plaintiff in that FEDEX never did take the box containing Plaintiff's necklace to a Federal Express box, and Plaintiff relied to his detriment on the Defendant FEDEX.

34.     As a direct and proximate result of one or more of the aforesaid fraudulent misrepresentations, intentional, willful, and wanton conduct, and/or omissions of FEDEX, through its agents, apparent agents, employees and representatives, Plaintiff sustained injuries of a pecuniary and punitive nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendants, FEDEX GROUND PACKAGE SYSTEMS INC. and FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and punitive damages.

### COUNT III - NEGLIGENT HIRING

35.     Plaintiff incorporates by reference paragraphs 1 through 34 as though set forth at length herein.

36.     At all times here relevant, FEDEX, hired, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

37.     At all times here relevant, FEDEX employed the woman who arrived at the Plaintiff's residence in Naples, Florida.

38.     At all times here relevant, FEDEX knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

39. At all times here relevant, FEDEX knew or should have known of their employee's particular unfitness at the time of hiring, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

40. At all times here relevant, FEDEX knew or should have known of their employee's particular unfitness at the time of hiring, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to handle.

41. On or after February 9, 2007 the particular unfitness of FEDEX, through its agent, apparent agent, employee and/or representative, injured Plaintiff in that FEDEX's agent, apparent agent, employee and representative wrongfully converted Plaintiff's necklace.

42. On February 9, 2007, FEDEX was negligent in one or more of the following ways:

   a. Failed to exercise reasonable care to ensure that FEDEX hired employees that were competent, fit, and/or qualified;

   b. Negligently hired a certain employee who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

   c. Negligently hired a certain employee when it knew or should have known that the certain employee was unfit, and her unfitness, incompetency, and delinquent record created an unreasonable risk of harm to others, including Plaintiff;

   d. Failed to perform an adequate background check for the employee who arrived at the Plaintiff's residence in Naples, Florida, and;

   e. Was otherwise careless or negligent.

43. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff

sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendants, FEDEX GROUND PACKAGE SYSTEMS INC., and FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

### COUNT IV - NEGLIGENT SUPERVISION

44. Plaintiff incorporates by reference paragraphs 1 through 43 as though set forth at length herein.

45. At all times here relevant, FEDEX, supervised, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

46. At all times here relevant, FEDEX, employed the woman who arrived at Plaintiff's residence in Naples, Florida.

47. At all times here relevant, FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

48. At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

49. At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to

handle.

50. On or after February 9, 2007 the particular unfitness of FEDEX, through its agent, apparent agent, employee and/or representative, injured Plaintiff in that FEDEX's agent, apparent agent, employee and representative wrongfully converted Plaintiff's necklace.

51. On February 9, 2007, Defendant, FEDEX, was negligent in one or more of the following ways:

    a. Failed to supervise a certain employee, despite its knowledge of her unfitness and delinquent propensities;

    b. Allowed a certain employee to wrongfully exercise dominion illegally over Plaintiff's personal property;

    c. Failed to supervise a certain employee when it knew or should have known that said employee had a record and past history of handling parcels without authorization;

    d. Failed to supervise a certain employee, when it knew or should have known that said employee posed an unreasonable risk of harm to Plaintiff; and

    e. Was otherwise careless or negligent.

52. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendants, FEDEX GROUND PACKAGE SYSTEMS INC. and FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT V - NEGLIGENT RETENTION

53.     Plaintiff incorporates by reference paragraphs 1 through 52 as though set forth at length herein.

54.     At all times here relevant, FEDEX, retained, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

55.     At all times here relevant, FEDEX employed the woman who arrived at Plaintiff's residence in Naples, Florida.

56.     At all times here relevant, FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

57.     At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining her, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

58.     At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to handle.

59.     On or after February 9, 2007 the particular unfitness of the FEDEX agent, apparent agent, employee and/or representative injured the Plaintiff, in that FEDEX's agent, apparent agent, employee and representative wrongfully converted Plaintiff's necklace.

60.     On February 9, 2007, FEDEX was negligent in one or more of the following ways:

    a.     Negligently retained a certain employee, despite its knowledge of her delinquent propensities;

11

      b.      Negligently retained a certain employee when it knew or should have known that said employee had a record and past history of handing parcels without authorization;

      c.      Negligently retained a certain employee who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the box containing Plaintiff's necklace and cause it to be taken to FEDEX a Federal Express box in Florida so that delivery of the necklace to Chicago could be initiated when FEDEX knew or should have known that the employee posed an unreasonable risk of harm to Plaintiff; and

      d.      Was otherwise careless or negligent.

61. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary nature.

WHEREFORE, Plaintiff, JEROLD S. SOLOVY, demands judgment against Defendants, FEDEX GROUND PACKAGE SYSTEMS INC., and FEDERAL EXPRESS CORPORATION, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

                                          /s/ Brian S. Shallcross
                                            Attorney for Plaintiff

Robert A. Clifford
Brian S. Shallcross
CLIFFORD LAW OFFICES
120 N. LaSalle Street
31st Floor
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. 32640