20859-PJK                                                                                           07 CV 6721

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Jerold S. Solovy**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. **07 CV 6721** |
| ) | |
| **FedEx Ground Package System, Inc.**, a ) | Judge Virginia M. Kendall |
| Delaware Corporation; **Federal Express** ) | |
| **Corporation,** a Delaware Corporation ) | Mag. Judge Martin C. Ashman |
| ) | |
| Defendants. ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND
## AMENDED COMPLAINT AT LAW

The Defendants, FedEx Ground Package System, Inc. ("FedEx Ground") and Federal Express Corporation ("FedEx Express") (referred to collectively herein as "FedEx"), by their attorneys, submit the following Answer and Affirmative Defenses to the Second Amended Complaint of Plaintiff, Jerold S. Solovy ("Solovy"):

### GENERAL ALLEGATIONS

1. At all times relevant, Plaintiff JEROLD S. SOLOVY (hereinafter "Plaintiff") was and is a resident of the City of Chicago, County of Cook and State of Illinois.

**ANSWER:** FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).

2. Defendant FEDEX is a nationwide parcel delivery service that engages in the business of picking up and delivering packages in the City of Chicago, County of Cook and State of Illinois.

**ANSWER:** In response to the allegations contained in Paragraph 2, FedEx Express admits only that it is a Delaware corporation authorized to do business in the states of Florida and Illinois with its principal place of business located at 2005 Corporate Drive, Memphis, Tennessee 38132. FedEx Express affirmatively avers that it is an all-cargo airline operating under authority granted by the Federal Aviation Administration. FedEx Ground admits only that it is a Delaware corporation authorized to do business in the states of Florida and Illinois with its principal place of business located in Moon Township, Pennsylvania. FedEx Ground affirmatively avers that it is a

**motor carrier operating under authority granted by the Department of Transportation. FedEx denies any remaining allegations not specifically admitted herein.**

3. On December 21, 2006, Plaintiff bought a diamond necklace from Sidney Garber Fine Jewelry, located at 118 East Delaware Place, Chicago, Illinois, 60611.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

4. On February 9, 2007, Plaintiff was temporarily residing at his secondary residence located at 9912 Brassie Bend, Naples, Florida.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 4 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

5. On February 9, 2007 Plaintiff had two items he wanted to have delivered. The first item was a pair of shoes Plaintiff intended to have delivered to the Polo Store in Chicago, and the second was the aforementioned diamond necklace which was intended for delivery to Sidney Garber Fine Jewelry in the City of Chicago, County of Cook and State of Illinois.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 5 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

6. On or before February 9, 2007, the Polo Store contacted FEDEX for the purposes of picking up the shoes from Plaintiff and delivering them to the Polo Store's location in the City of Chicago, County of Cook and the State of Illinois.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

7. On February 9, 2007, Plaintiff placed the aforesaid necklace in an 8 x 10 box and filled out an air bill with a corresponding FedEx tracking number of 8448 4685 5804 or 8448 4685 5806 so that it could be shipped back to Sidney Graber Fine Jewelry in the City of Chicago, County of Cook and State of Illinois.

20859-PJK                                                                                                07 CV 6721

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

8. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, arrived at Plaintiff's residence in Naples, Florida, and indicated initially that she would only accept the box intended for delivery to the Polo Store in Chicago, and that she would not accept the box containing the Plaintiff's necklace.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

9. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, initially told Plaintiff that Plaintiff would have to take the box containing the necklace to a FEDEX KINKO's store himself in order to have it delivered because she had been disciplined in the past for taking packages associated with air delivery as opposed to ground delivery.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

10. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, after having initially declined to accept the box containing the necklace for delivery, then expressly agreed that she would in fact accept the box containing the necklace because she went by Federal Express boxes all the time.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

11. On February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative in no way disclaimed her status as a FEDEX employee, agent, apparent agent and/or representative or otherwise indicated that by taking the box containing the necklace to a Federal Express box she would be acting outside the scope of her employment.

20859-PJK                                                                                                              07 CV 6721

**ANSWER:**     **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

12.     On February 9, 2007, Plaintiff gave the box containing the Plaintiff's necklace along with the aforementioned airbill to FEDEX's employee, agent, apparent agent, and/or representative in reliance on her representation that she would take it to a Federal Express box, which would then initiate delivery of the box containing the necklace to Chicago.

**ANSWER:**     **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

13.     On February 9, 2007, when taking the box containing Plaintiff's necklace and corresponding airbill, FEDEX's employee, agent, apparent agent, and/or representative did not leave a copy of the airbill with the Plaintiff.

**ANSWER:**     **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

14.     On February 9, 2007, the necklace was in good condition when the Plaintiff tendered it to FEDEX's employee, agent, apparent agent, and/or representative for purposes of taking it to a Federal Express box.

**ANSWER:**     **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

15.     FEDEX delivered Plaintiff's shoes to its correct destination, the Polo store in Chicago; however, at no time did FEDEX, through its employees, agents, apparent agents and/or representatives take the box containing Plaintiff's necklace to a Federal Express box.

**ANSWER:**     **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

16.     Subsequent to February 9, 2007, FEDEX has represented to Plaintiff that it expressly denies that it or any of its employees, agent, apparent agents, and/or representatives ever took possession of the box containing Plaintiff's necklace for purposes of delivery or

otherwise, and as such expressly deny that FEDEX ever caused the necklace to enter interstate commerce.

**ANSWER:**   **In response to the allegations contained in Paragraph 16, FedEx denies to the extent that Plaintiff attempts to define "entering interstate commerce." FedEx Ground admits that its personnel told Plaintiff that the FedEx Ground courier in question denied taking possession of the package.**

17.    Subsequent to February 9, 2007, FEDEX has represented to Plaintiff that its employee, agent, apparent agent and/or representative claims she left Plaintiff's Naples home with only the box containing the shoes and without the box containing Plaintiff's necklace, and that FEDEX has adopted the position of its employee, agent, apparent agent and/or representative, and as such expressly deny that FEDEX ever caused the necklace to enter interstate commerce.

**ANSWER:**   **In response to the allegations contained in Paragraph 17, FedEx denies to the extent that Plaintiff attempts to define "entering interstate commerce." FedEx Ground admits that its personnel told Plaintiff that the FedEx Ground courier in question denied taking possession of the package.**

18.    FEDEX never caused Plaintiff's necklace to enter interstate commerce on or after February 9, 2007.

**ANSWER:**   **The allegations contained in Paragraph 18 are a conclusion of law to which no response is required.**

## COUNT I - CONVERSION

19.    Plaintiff incorporates by reference paragraphs 1 through 18 as though set forth at length herein.

**ANSWER:**   **Defendants incorporate by reference their responses to Paragraphs 1 through 18 as though set forth at length herein.**

20.    From December 21, 2006 continuing through to the present, Plaintiff is the rightful owner by law of the aforementioned necklace.

**ANSWER:**   **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

21. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, intentionally exercised dominion and control over the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own personal property, the property being the Plaintiff's necklace.

**ANSWER:     FedEx denies the allegations contained in Paragraph 21.**

22. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, had a duty to refrain from intentionally exercising dominion and control over the Plaintiff's personal property so seriously that it interfered with the right of the Plaintiff to control his own personal property, the property being the necklace.

**ANSWER:     FedEx denies the allegations contained in Paragraph 22.**

23. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, assumed wrongful and unauthorized control over the Plaintiff's necklace when it failed to take it to a Federal Express box.

**ANSWER:     FedEx denies the allegations contained in Paragraph 23.**

24. On or after February 9, 2007, FEDEX, through its agent, apparent agent, employee and/or representative, wrongfully and intentionally converted Plaintiff's personal property and refused and failed to return the property to Plaintiff.

**ANSWER:     FedEx denies the allegations contained in Paragraph 24.**

25. On and after February 9, 2007, Plaintiff was the rightful and legal owner of the necklace and retains the absolute and unconditional right to immediate possession of the property.

**ANSWER:     FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

26. Since February 9, 2007, Plaintiff, by himself or through his agents, has contacted FEDEX and repeatedly inquired about the location of the necklace that he gave FEDEX, and on numerous occasions demanded that his necklace be returned.

20859-PJK                                                              07 CV 6721

**ANSWER:     FedEx admits the allegations contained in Paragraph 26.**

27.    As a direct and proximate result of one or more of the aforesaid intentional, willful, and wanton acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, the Plaintiff JEROLD S. SOLOVY sustained injuries of a pecuniary and punitive nature.

**ANSWER:     FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

WHEREFORE, Defendants request that this Court enter an order dismissing Count I of Plaintiff's Second Amended Complaint with prejudice, and order such further relief as it deems just.

## COUNT II – FRAUDULENT MISREPRESENTATION

28.    Plaintiff, JEROLD S. SOLOVY, incorporates by reference paragraphs 1 through 27 as though set forth at length herein.

**ANSWER:     Defendants incorporate by reference their responses to Paragraphs 1 through 27 as though set forth at length herein.**

29.    On February 9, 2007, Defendant, FEDEX, through its agents, apparent agents, employees and/or representatives, concealed a material fact, to wit, that it was not going to take the box containing Plaintiff's necklace to a Federal Express box, not withstanding its representation to Plaintiff that it would take the box containing Plaintiff's necklace to a Federal Express box in Florida so that delivery of the box to Chicago would be initiated.

**ANSWER:     FedEx denies the allegations contained in Paragraph 29.**

30.    On February 9, 2007, FEDEX, through its agents, apparent agents, employees and/or representatives, concealed a material fact, to wit, that it was not going to take the box containing Plaintiff's necklace to Federal Express box in Florida, and that it intended to induce the Plaintiff to falsely believe that the box containing his necklace was going to be taken to a

20859-PJK                                                                                           07 CV 6721

Federal Express box in Florida as was promised by FEDEX, through its agents, apparent agents, employees and/or representatives.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 30.**

31.     On February 9, 2007, Plaintiff could not have discovered the truth through a reasonable inquiry that FEDEX, through its agents, apparent agents, employees and/or representatives, was making misrepresentations to him, because in the course of ordinary business, it appeared that FEDEX, through its agents, apparent agents, employees and/or representatives, was conducting business as usual, and as is publicly known.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

32.     On February 9, 2007, if Plaintiff had been aware and had known that the box containing his necklace was not going to be taken to a Federal Express box by FEDEX's agent, apparent agent, employee and/or representative, he would have never tendered the box containing Plaintiff's necklace to FEDEX's agent, apparent agent, employee and/or representative.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

33.     At all times relevant to this cause of action, FEDEX, through its agents, apparent agents, employees and/or representatives, misrepresented itself to Plaintiff in that FEDEX never did take the box containing Plaintiff's necklace to a Federal Express box, and Plaintiff relied to his detriment on the Defendant, FEDEX.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 33.**

34.     As a direct and proximate result of one or more of the aforesaid fraudulent misrepresentations, intentional, willful, and wanton conduct, and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary and punitive nature.

20859-PJK                                                                                                07 CV 6721

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 34 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

WHEREFORE, Defendants request that this Court enter an order dismissing Count II of Plaintiff's Second Amended Complaint with prejudice, and order such further relief as it deems just.

## COUNT III – NEGLIGENT HIRING

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though set forth at length herein.

**ANSWER:** **Defendants incorporate by reference their responses to Paragraphs 1 through 34 as though set forth at length herein.**

36. At all times here relevant, FEDEX, hired, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 36 as stated, as they are vague and ambiguous and incorrectly state the facts of this case.**

37. At all times here relevant, FEDEX employed the woman who arrived at the Plaintiff's residence in Naples, Florida.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 37.**

38. At all times relevant, FEDEX knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 38.**

39. At all times here relevant, FEDEX knew or should have known of their employee's particular unfitness at that time of hiring, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 39.**

20859-PJK                                                                                                  07 CV 6721

40. At all times here relevant, FEDEX knew or should have known of their employee's particular unfitness at the time of hiring, employing, controlling, managing, and overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to handle.

**ANSWER:    FedEx denies the allegations contained in Paragraph 40.**

41. On or after February 9, 2007 the particular unfitness of FEDEX, through its agent, apparent agent, employee and/or representative, injured Plaintiff in that FEDEX's agent, apparent agent, employee and representative wrongfully converted Plaintiff's necklace.

**ANSWER:    FedEx denies the allegations contained in Paragraph 41.**

42. On February 9, 2007, FEDEX was negligent in one or more of the following ways:

   a. Failed to exercise reasonable care to ensure that FEDEX hired employees that were competent, fit, and/or qualified;

   b. Negligently hired a certain employee who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX;

   c. Negligently hired a certain employee when it knew or should have known that the certain employee was unfit, and her unfitness, incompetency, and delinquent record created an unreasonable risk of harm to others, including Plaintiff;

   d. Failed to perform an adequate background check for the employee who arrived at the Plaintiff's residence in Naples, Florida, and;

   e. Was otherwise careless or negligent.

**ANSWER:    FedEx denies the allegations contained in Paragraph 42 (subparagraphs (a) through (e) inclusive).**

43. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary nature.

**ANSWER:    FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 43 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

20859-PJK                                                                                                                07 CV 6721

WHEREFORE, Defendants request that this Court enter an order dismissing Count III of Plaintiff's Second Amended Complaint with prejudice, and order such further relief as it deems just.

### COUNT IV – NEGLIGENT SUPERVISION

44.     Plaintiff incorporates by reference paragraphs 1 through 43 as though set forth at length herein.

**ANSWER:     Defendants incorporate by reference their responses to Paragraphs 1 through 43 as though set forth at length herein.**

45.     At all times here relevant, FEDEX, supervised, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

**ANSWER:     FedEx denies the allegations contained in Paragraph 45 as stated, as they are vague and ambiguous and incorrectly state the facts of this case.**

46.     At all times here relevant, FEDEX, employed the woman who arrived at Plaintiff's residence in Naples, Florida.

**ANSWER:     FedEx denies the allegations contained in Paragraph 46.**

47.     At all times here relevant, FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

**ANSWER:     FedEx denies the allegations contained in Paragraph 47.**

48.     At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

**ANSWER:     FedEx denies the allegations contained in Paragraph 48.**

49.     At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of supervising, employee, controlling, managing, and

20859-PJK                                                                                              07 CV 6721

overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to handle.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 49.**

50.     On or after February 9, 2007 the particular unfitness of FEDEX, through its agent, apparent agent, employee and/or representative, injured Plaintiff in that FEDEX's agent, apparent agent, employee and representative, wrongfully converted Plaintiff's necklace.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 50 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

51.     On February 9, 2007, Defendant, FEDEX, was negligent in one or more of the following ways:

      a.   Failed to supervise a certain employee, despite its knowledge of her unfitness and delinquent propensities;

      b.   Allowed a certain employee to wrongfully exercise dominion illegally over Plaintiff's personal property;

      c.   Failed to supervise a certain employee when it knew or should have known that said employee had a record and past history of handling parcels without authorization;

      d.   Failed to supervise a certain employee, when it knew or should have known that said employee posed an unreasonable risk of harm to Plaintiff; and

      e.   Was otherwise careless or negligent.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 51 (subparagraphs (a) through (e) inclusive).**

52.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary nature.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 52 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

20859-PJK                                                                                          07 CV 6721

WHEREFORE, Defendants request that this Court enter an order dismissing Count IV of Plaintiff's Second Amended Complaint with prejudice, and order such further relief as it deems just.

## COUNT V – NEGLIGENT RETENTION

53. Plaintiff incorporates by reference paragraphs 1 though 52 as though set forth at length herein.

**ANSWER:** **Defendants incorporate by reference their responses to Paragraphs 1 through 52 as though set forth at length herein.**

54. At all times here relevant, FEDEX, retained, employed, controlled, managed, and oversaw persons who facilitated, conducted, aided, assisted, performed, and accomplished the purpose and business of FEDEX.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 54 as stated, as they are vague and ambiguous and incorrectly state the facts of this case.**

55. At all times here relevant, FEDEX employed the woman who arrived at Plaintiff's residence in Naples, Florida.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 55 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

56. At all times here relevant, FEDEX, knew or should have known that their employee had a particular unfitness for the position of working at FEDEX so as to create a danger of harm to third persons, namely to create a harm to the Plaintiff.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 56.**

57. At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining her, the unfitness being a habit and record of wrongfully exercising control over people's personal property.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 57.**

58. At all times here relevant, FEDEX, knew or should have known of their employee's particular unfitness at the time of retaining, employing, controlling, managing, and

20859-PJK                                                                                                    07 CV 6721

overseeing, the unfitness being a habit and record of wrongfully accepting parcels that she was not authorized to handle.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 58.**

59.     On or after February 9, 2007 the particular unfitness of the FEDEX agent, apparent agent, employee and/or representative injured the Plaintiff, in that FEDEX's agent, apparent agent, employee and representative wrongfully converted Plaintiff's necklace.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 59 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

60.     On February 9, 2007, FEDEX was negligent in one or more of the following ways:

    a.  Negligently retained a certain employee, despite its knowledge of her delinquent propensities;

    b.  Negligently retained a certain employee when it knew or should have known that said employee had a record and past history of handling parcels without authorization;

    c.  Negligently retained a certain employee who arrived at the Plaintiff's residence in Naples, Florida, and expressly agreed that she would accept the box containing Plaintiff's necklace and cause it to be taken to FEDEX a Federal Express box in Florida so that delivery of the necklace to Chicago could be initiated when FEDEX knew or should have known that the employee posed an unreasonable risk of harm to Plaintiff; and

    d.  Was otherwise careless or negligent.

**ANSWER:** **FedEx denies the allegations contained in Paragraph 60 (subparagraphs (a) through (d) inclusive).**

61.     As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of FEDEX, through its agents, apparent agents, employees and/or representatives, Plaintiff sustained injuries of a pecuniary nature.

**ANSWER:** **FedEx is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 61 and therefore denies same pursuant to Fed. R. Civ. Pro. 8(b)(5).**

20859-PJK                                                                                                  07 CV 6721

WHEREFORE, Defendants request that this Court enter an order dismissing Count V of Plaintiff's Second Amended Complaint with prejudice, and order such further relief as it deems just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint at Law fails to state a claim upon which relief can be granted in that it seeks damages in excess of FedEx's contractual limitation of liability.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the terms and conditions contained in the contract of carriage as evidenced by the language found on the airbill which accompanied the shipment at issue and by the terms and conditions of the applicable FedEx Service Guide incorporated therein by reference.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by the federal common law applicable to federally certificated air carriers and by 49 U.S.C. § 41713.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by his own breach of contract, or the breach of contract of his agents, employees or representatives.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred or limited by his own assumption of risk, or the assumption of risk by his agents, employees or representatives.

## SIXTH AFFIRMATIVE DEFENSE

FedEx alleges that there may be other persons or entities who may or may not have been names and/or served in this action who are at fault with respect to the matters referred to in the Complaint, and that such fault proximately caused the damages, if any, complained of by Plaintiff.

20859-PJK                                                                                                                  07 CV 6721

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred by his failure to give timely notice.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, if any, are barred or limited by the contract of carriage as evidenced by the Service Agreement between FedEx Ground and the shipper, the FedEx Ground Tariff, the terms and conditions of the applicable FedEx Service Guide under which the shipment at issue traveled, and the Pick-Up Record for the shipment at issue. Specifically, Plaintiff seeks in excess of the declared value of the shipment at issue.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by his own negligence or the negligence of his agents, employees, or representatives.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 13506(a)(8)(B).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were or may have been caused or contributed to by the acts or omissions of persons other than FedEx and over whom, at the time, FedEx has no control and for whom FedEx has no responsibility.

20859-PJK                                                                                             07 CV 6721

Dated this 28th day of April, 2008

                                                        O'Hagan Spencer, LLC

                                                        s\ Patrick J. Keating_____
                                                        Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:
Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax

20859-PJK                                                                                              07 CV 6721

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2008, a copy of foregoing was filed electronically and served by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing and a courtesy copy was hand delivered to the court on the 28th day of April, 2008. Parties may access this filing through the Court's CM/ECF System.

Robert A. Clifford, Esq.<br>
Clifford Law Offices<br>
120 North LaSalle Street<br>
31st Floor<br>
Chicago, Illinois  60602<br>
Telephone: (312) 899-9090

                                                        s\ Patrick J. Keating_____
                                                        Counsel for Defendants

Patrick J. Keating, ARDC No. 6211380
Edward C. Eberspacher, ARDC No. 6286085
**O'Hagan Spencer LLC**
One E. Wacker Drive, Suite 3400
Chicago, Illinois 60601
312-422-6100 – Phone
312-422-6110 – Fax

Of Counsel:
Thomas W. Murrey, Jr., Esq.
3620 Hacks Cross Road
Building B, Third Floor
Memphis, Tennessee 38125
901-434-8558 – Phone
901-434-9279 – Fax